L. H. HIGGINS, Appellant, v. THE SOUTHERN PACIFIC COMPANY, a Corporation, Respondent.

No. 1441.    (72 Pac. 690.)

**Master and Servant: Injuries to Servant: Selection of Appliances: Assumption of Risk.**

Where a time card placed in plaintiff's hands before he went to work on the morning of the accident contained a notice directing him to examine personally the scaffolding, tackle, and other appliances before trusting them, and plaintiff selected a defective step-ladder with which to paint certain cars without examining it, and its defects were open and obvious, plaintiff assumed the risk of injuries sustained by reason thereof.

(Decided June 6, 1903.)

Appeal from the Second District Court, Weber County.
—*Hon. H. H. Rolapp*, Judge.

Action to recover for a personal injury alleged to
have been caused by the negligence of the defendant.
From a judgment in favor of the defendant, the plain-
tiff appealed.

AFFIRMED.

*Tillman Johnson, Esq.*, and *A. W. Agee, Esq.*, for
appellant.

*Messrs. Marshall, Royle & Hempstead* for respond-
ent.

BASKIN, C. J.—The plaintiff seeks to recover for
a personal injury claimed to have been caused by the
negligence of the defendant. The answer denies the
negligence charged, and alleges the contributory negli-
gence and assumed risk of the plaintiff.

The plaintiff was a witness in his own behalf, and
testified, in substance, that he was, and for a year had
been, in the service of the defendant, employed in paint-
ing box cars; that on the morning of his alleged injuries,
having been informed that some work was required to
be done on a certain car standing upon a track of the
company, he selected from a lot of eight or ten ladders
leaning against the outside of the main shop of the com-
pany a stepladder with flat steps and flat sides, and six
or seven feet long, placed it against the car, and upon
ascending the same to begin his work, and, reaching
the step next to the top of the ladder, that step broke
by his weight, and he was, in consequence thereof,
thrown to the ground and injured. In the cross-exami-
nation of the plaintiff the following occurred: "Q. And
you painters, when using them, would go in there, and
pick up one, select it yourself, and take it out, didn't
you? Did any one else go in there and pick it out for

you? A. Oh, no, sir; we always took our own ladder. Q. You picked it out yourself? A. Yes, sir. Q. The ladder? A. Yes, sir. Q. Mr. Higgins, wasn't there a time card given to you each day? A. Yes, sir. Q. Do you remember what was on those time cards? A. I do. Q. Well, I will show you one. Is that the same character of time card? (Exhibiting same to witness, who examined it.) A. Yes, sir. Q. That is the time card? A. Yes, sir. Q. This notice was on the time card, was it not, Mr. Higgins, that I now read, 'Examine personally the scaffolding, tackle, and all other appliances, before trusting them.' A. Yes. Q. That was on the time card given to you that morning, was it not? A. Yes, sir." It appears from the testimony of the plaintiff and other witnesses in his behalf that there was an old crack about half way through the side piece of the ladder on the side and at the place where the step gave way, and the plaintiff, in his cross-examination, further stated that he made no examination of the ladder until after his injury, and in answer to the question whether, if he had examined the ladder when he selected it, he could have discovered its defect, he said: "I couldn't say whether I could see it before it was broke. Perhaps I could if I had looked and examined it closely." The defendant moved for a non-suit on the ground that: "The motion is on the grounds that under the evidence there is no negligence shown on the part of the defendant, and that the evidence shows that it was an implement in common use. The man was of full age, and of experience, and had the same opportunity of ascertaining the defects, if any defects there were, as the master had; and that under such circumstances he should not be entitled to recover—he assumed the risk." The motion was granted.

By the time card daily placed in the hands of the plaintiff he was charged with the duty of personally examining the ladder, and, as it was of simple construction, and in general use, especially by persons engaged in the occupation of the plaintiff, it required no special

or scientific skill to discover its defects, and the plaintiff's opportunity of making the discovery was as good as that of the defendant, and, if he had observed the requirements of said card, he could have as readily dis-. covered the defect of the ladder as the defendant company. In view of the testimony, the plaintiff assumed the risk of injury which might arise from any defect in the ladder selected by him. Cahill v. Hilton et al., 106 N. Y. 517, 13 N. E. 339; Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Martin v. Highland P. M. Co., (N. C.), 38 S. E. 876, 83 Am. St. Rep. 671; Borden v. Daisy Roller Mill Co. (Wis.), 67 Am. St. Rep. 816, 74 N. W. 91. The nonsuit was properly granted.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.