[No. 17628.  *En Banc.*  August 30, 1923.]

FRED W. MITCHELL, *Respondent*, v. BARTON & COMPANY, *Appellant*.[1]

NEGLIGENCE (6)—CONDITION OF PREMISES—SAFE PLACE—CARE AS TO PERSONS INVITED. A government inspector making an inspection of a packing plant under Federal law, occupies the status of an invitee, to whom the owner of the plant owes the duty of providing a safe place in which to do his work.

PLEADINGS (101)—AMENDMENT—DISCRETION. It is proper to allow trial amendments to a complaint in the matter of slight additions explaining more fully how the accident happened and demanding increased damages.

NEGLIGENCE (11-2, 38)—UNGUARDED FAN—EVIDENCE—QUESTION FOR JURY. There is a question for the jury as to the negligence of the owner of a packing plant in operating an electric fan without protection, where a government inspector was injured when he slipped on the wet floor and accidentally threw his hand into the fan, which was dangerous if not protected.

SAME (11-2)—CONDITION OF PREMISES. A government inspector does not assume the risks from injury from an unprotected electric fan in a packing plant while in the performance of his duties.

Appeal from a judgment of the superior court for King county, Brinker, J., entered May 31, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries.  Affirmed.

*H. A. P. Myers*, for appellant.

*H. W. Parrott, J. Speed Smith*, and *Henry Elliott, Jr.*, for respondent.

MITCHELL, J.—Barton & Company, a corporation, defendant and appellant, was engaged in business in Seattle as a meat packer. While the plaintiff, respondent, employed by the Federal government, was engaged as a sanitary inspector in the duty of inspecting one of the rooms of appellant's plant, his hand was

[1] Reported in 217 Pac. 993.

severely maimed and injured by the blades of an electric fan, operated and used in the plant for ventilating purposes. He brought this suit to recover damages in the sum of $5,000, alleging negligence on the part of the defendant in maintaining and operating the fan in an unguarded condition, against which he threw his hand upon slipping on the floor while engaged in his work of inspecting the room. The answer consisted of general denials, together with affirmative defenses of contributory negligence and assumption of risk, which affirmative defenses were denied by a reply. The verdict was $5,000 and the defendant has appealed from the judgment entered thereon.

It is contended that a general demurrer filed against the complaint should have been sustained because the complaint shows on its face that the respondent was an employee of the Federal government, and that the general rule as to a safe place in which to work has no application to this case, as respondent was not a servant of the appellant. Under the law, appellant's plant was under the control of the United States government for the purpose of inspection and, at the time of his injury, the respondent was engaged in a business purpose common to both the government and the appellant. Appellant admits that the respondent occupied the status of an invitee. Under uniform authority, the rule as to a safe place in which to work applies in such cases.

In passing on the liability of a street railway company for damages sustained by a postal mail carrier, injured on its premises while engaged in the performance of his duties, the supreme court of Iowa, in the case of *Young v. People's Gas & Electric Co.*, 128 Iowa 290, 103 N. W. 788, said:

"It is sufficient to say the general obligation of the defendant to provide the mail carrier safe access to the cars which they were required to visit cannot well be disputed."

In the case of *Anderson & Nelson Dist. Co. v. Hair*, 103 Ky. 196, 44 S. W. 658, the court discussed the liability of a distillery company for an injury to a United States storekeeper who, while engaged in the performance of his duties, fell into a hole at the foot of a stairway in the plant. It was held that, under the Federal laws, the distillery could not run without a storekeeper who was required to make an inspection every day under the rules and regulations of the government, and that it was the duty of the distillery company to keep the stairway in a reasonably safe condition and failure to do so would render it liable.

In the case of *North American Restaurant & Oyster House v. McElligott*, 227 Ill. 317, 81 N. E. 388, it was held (syllabus):

"An owner of a restaurant is required to exercise reasonable care to keep its machinery, appliances, and premises in reasonably safe condition and repair so as not to imperil the life and limb of the servant of another who is necessarily employed about the restaurant."

Other cases: *Alaska Pacific Steamship Co. v. Sperry Flour Co.*, 107 Wash. 545, 182 Pac. 634; *Rink v. Lowry*, 38 Ind. 132, 77 N. E. 967.

It is objected that the court allowed the complaint to be amended by slight additions thereto, explaining more fully how the accident happened and increasing the amount of damages demanded over the amount fixed in the original complaint. The amendments were allowed upon a formal written motion which was regularly noticed, heard and granted prior to the commencement of the trial of the case, and were clearly

within the law as to amendments and the power of the trial court.

By timely motions, during the trial and after the verdict, the appellant insisted that the evidence was insufficient to justify any verdict in favor of the respondent, that respondent was guilty of contributory negligence as a matter of law barring a right of recovery, and that he assumed the risk.

Substantial proof in the case showed that the fan operated by an electric motor was situated against one of the walls, the bottom of the fan being about fifty inches above the floor. The appellant used in its business two movable vats, each about ten feet long, four feet wide and three feet high. To a person facing the fan, one of the vats usually occupied a place alongside or within a few inches of the wall, so that the right-hand end of the vat was under nearly all of the shelf supporting the fan. The other vat was located about twenty inches to the right, with its end within a few inches of the wall paralleled by the other vat. Occasionally, as required, the vats were moved, the premises cleaned, and the vats replaced. For some considerable time, the respondent had made a daily inspection of the room. His testimony shows that, on the occasion of the accident, the floor was wet from a recent washing, and that he found the vat paralleling the wall was from six to ten inches away from the wall, and moved to the left so as to expose nearly all of the fan and the shelf on which it was fastened, while the other vat was in its usual location. The room was well lighted. The respondent, engaged in the performance of his duties, examined, among other things, the wall and floor behind the vat to the left of the fan; and, after stepping back, raising his hand to approximate the volume of air being circulated

by the fan, at which time his foot slipped, causing him to involuntarily throw his hand into the revolving blades of the fan.

There was positive testimony that the fan while in operation was dangerous to persons if not protected by having one of the vats immediately in front of it. There was proof on behalf of the appellant that the vat paralleling the wall was in its usual place in front of the fan, but that contradiction was a matter for the jury. Under the circumstances, the case, including the charge of contributory negligence, was one for the jury. Nor is the alleged defense of assumption of risk available to the appellant. The respondent was not a servant of the appellant, he was not called upon in the discharge of his duties to operate or supervise the operation of the fan, nor was he attempting to do so at the time of the accident. There are personal injury cases at the instance of persons other than servants of the persons sued, cited by the appellant, that use expressions appearing to support the appellant's contention, but, without analyzing them here we think a fair examination of them will show that they are of the kind justly described in 20 R. C. L. (Negligence) § 95, p. 109, as follows:

"As a practical equivalent of the term 'contributory negligence' one frequently finds in the cases the expression 'assumption of risk.'"

It is claimed that the trial court erred in allowing respondent's counsel, over objections, to too frequently interrogate witnesses concerning the fact that guards had been placed around the fan after the accident. All of the record necessary to accurately present the point need not be set out here. An examination of it satisfies us that, under the circumstances,

there was no prejudice to the rights of appellant in this respect; nor do we think the verdict was excessive.

The motion for a new trial was properly denied. Judgment affirmed.

MAIN, C. J., PARKER, HOLCOMB, TOLMAN, BRIDGES, PEMBERTON, and MACKINTOSH, JJ., concur.