### KNOX v. SNOW et al.

No. 7530.  Decided April 17, 1951.  (229 P. 2d 874.)

See 65 C. J. S. Negligence, Sec. 272. Business house, liability of proprietor as affected by contributory negligence of one in. 38 Am. Jur., Negligence, Sec. 199; 162 A. L. R. 659.

*Gaylen S. Young,* Salt Lake City, for appellant.

*Dudley D. Crafts, Eldon A. Eliason,* Delta, for respondents.

LATIMER, Justice.

Plaintiff commenced this action to recover damages for personal injuries received when he fell into a grease pit located in defendants' garage. At the conclusion of plaintiff's evidence the trial court granted defendants' motion for a nonsuit and entered a judgment dismissing the ▇▇▇

action. The basis of the court's ruling was that defendants were not negligent and that plaintiff was guilty of contributory negligence. The scope of our review on appeal is well stated by Mr. Justice Wolfe in the case of *Raymond* v. *Union Pacific Railroad Company*, 1948, 113 Utah 26, 191 P. 2d 137, 138, on page 138, as follows:

"The judgment of nonsuit was based on the grounds that plaintiff had failed to prove negligence on the part of defendant, and further, that plaintiff's own evidence showed that as a matter of law he was guilty of contributory negligence. If the trial court was correct as to either of the two grounds for decision, the judgment must be affirmed. But in reviewing a judgement of nonsuit, we must view the evidence, and the reasonable inferences therefrom, in the light most favorable to the plaintiff. If, in any reasonable view of the evidence, a jury could find that defendant was guilty of negligence, *and* that plaintiff was free of contributory negligence, then the judgment must be reversed."

On May 5, 1946, the date of the accident, defendants were operating a gasoline filling station and garage in Delta, Utah. The building in which their business was conducted faces south and is divided into two separate rooms. The eastern side of the building constitutes the office and sales room, where the public is normally received, while the adjoining service room on the west is used as a place in which customers' automobiles are washed, greased, serviced and repaired. The service room contains the standard equipment ordinarily found in a shop used for such purposes, including a wash rack, a hydraulic hoist, tools and tool racks, and a grease pit. The grease pit is situated about four or six feet in from the west wall with its long axis running north and south. It is located approximately 15 feet from the door which permits passage from the sales to the service room. The pit is approximately two feet eight inches wide, three feet deep and extends about twelve feet along the west wall, commencing a few feet south of the north wall. A raised cement border, four or five inches in height, and about six inches wide, parallels the east and west edges of the pit but stops a few feet south of the north side. The north end has no curb around it, but the absence of the

border on that end did not contribute to the fall. On the day of the accident a ladder was in the grease pit and it leaned against the north rim of the pit, extending almost two feet above the level of the floor. On the west wall of the shop was a sign reading "Employees Only." A rack was situated on the north wall some ten feet above the floor of the service shop, and some tires and innerliners were on this rack. The rack is from sixteen to eighteen feet from the door which leads from the sales and display room into the service shop.

On the day of the accident, at approximately 9:00 a. m., plaintiff and one George Van Devanter went to defendants' service station for the purpose of purchasing a tire for plaintiff's car. They entered the office and salesroom located on the east side of the building. The defendant, Charles Allen, was standing in the office and Mr. Van Devanter introduced plaintiff to him. Plaintiff asked Allen if he had a tire which plaintiff could purchase, and Allen replied that he did not have a tire, but might have an innerliner suitable for plaintiff's purposes. Plaintiff testified that while George Van Devanter and Allen continued conversing with each other regarding other matters, he looked through the door of the salesroom out into the repair shop; that he saw some tires on the rack at the far end of the shop; that among them was an innerliner which he thought would be suitable; and that, without any directions from Allen, he proceeded toward the tire rack.

After plaintiff left the office and salesroom he proceeded toward the rear of the service shop to look at the tires located upon the rack. As he walked across the shop he stepped over a hydraulic hoist, which extended about eight inches above the floor, and which was a few feet from the grease pit, and continued on toward the tire rack. Upon approaching the rack he stopped, his left foot resting on or near the rim of the pit. After standing there a moment, he shifted his weight from one foot to another, and in doing

so, his left foot slipped, he lost his balance, and fell into the well. As he was falling, he noticed the ladder which extended up from the floor of the pit, and grabbed it. By grasping the ladder he kept himself from falling to the bottom of the pit, but caused the injuries to his arm for which he now seeks recovery.

We have detailed the evidence as given by plaintiff without attempting to reconcile the dispute as to whether he was invited by defendants to go into the service room or whether he went in of his own accord. For the purposes of this case we shall assume plaintiff was an invited business visitor when he entered and while he was in the work room. In spite of this assumption we have grave doubts as to whether the evidence establishes negligence on the part of defendants. However, we pass that question and affirm the judgment because plaintiff was guilty of contributory negligence as a matter of law.

The general rule regarding contributory negligence is stated on page 861, of 38 Am. Jur., as follows:

"* * * It is said that when the defense of contributory negligence is urged as a ground for a nonsuit, it must appear that reasonable men, acting as triers of fact, would find, without any reasonable probability of differing in their views, either that the plaintiff knew and appreciated the danger, or that ordinarily prudent men under the same circumstances would readily acquire such knowledge and appreciation. As it generally is expressed, a plaintiff will not be held to have been guilty of contributory negligence if it appears that he had no knowledge or means of knowledge of the danger, and conversely, *he will be deemed to have been guilty if it is shown that he knew or reasonably should have known of the peril and might have avoided it by the exercise of ordinary care * * *.*" (Emphasis added.)

Plaintiff was 53 years of age at the time of the accident. He had lost the sight of one of his eyes, was slightly nearsighted in the other, but was wearing glasses at the time the accident occurred. In his testimony he attempted to explain his failure to see the grease pit by stating that the rear of the service shop was not well lighted, and that the lack of light made it difficult to see the grease pit. How-

ever, the service room was not over 25 feet in depth and there is a double doorway on the front of the building, which opens directly into the service shop. Each of the doors in this entrance is approximately twelve feet high and about ten feet wide. At least one was, and possibly both of the doors were, open at the time of the accident; the day was sunny; the accident occurred in the morning shortly after 9:00 o'clock; the sunlight entered the service shop; plaintiff, while standing in the salesroom, had no difficulty in seeing an innertube on the rack against the north wall some 18 feet away; and he was able to and did see various obstacles blocking his path.

Assuming that the service room was somewhat shaded as plaintiff claims, such a circumstance would not relieve him from maintaining some reasonable lookout along the path he was to travel. Such a condition might require that he be more alert. He was entering a shop which was used for servicing motor vehicles. From his previous experiences and observations of similar shops where motor vehicles are serviced, he could reasonably be charged with knowledge that some of the equipment in the shop would present hazards to one paying no attention to the obstacles across the course to be taken. Furthermore, the evidence establishes that he knew the path he was taking was not free and clear, as while proceeding across the room toward the rack he stepped over both beams of a hydraulic hoist which was in his pathway and he maneuvered his way around cans and other debris on the floor of the shop. In spite of knowing the probability of other obstacles blocking his course plaintiff continued forward without seeing the cement border around the pit, the grease pit, or the ladder which was protruding prominently from the pit. The hydraulic hoist was located about nine feet from the pit, and the grease and oil cans were between the hoist and the pit. These obstructions compelled plaintiff to pay some heed to the floor of the shop and the path he travelled as he crossed the service room in

order to avoid tripping over them.

When he approached the point where he claims he could more closely examine the tires on the rack, the ladder which extended up from the pit was almost within his reach; the cement border was large enough to be easily observed; and the merest glance towards the floor as he moved forward would have disclosed the presence of the danger. It seems unbelievable that plaintiff could have been so unobservant as to miss seeing the pit as he testified he stood right at its edge and upon shifting his weight from one foot to the other he lost his balance and fell into the excavation.

Plaintiff seeks to justify his failure to observe the danger which was clearly visible because his sole interest was in the tire on the rack; that he didn't see the ladder or the pit because he wasn't looking at the floor or wasn't watching where he was stepping because his interest was centered solely on the tire rack; and that if he had looked he would probably have seen the protruding ladder and the pit. It thus becomes apparent that this is not a case where plaintiff used reasonable care for his own safety. A reasonable person makes some observations along the path he chooses to follow. In this instance plaintiff was so intent upon observing the articles on the rack that he neglected to use the care required of a prudent man traversing a shop having hazards readily discernible, even to one with impaired vision.

We conclude the evidence affirmatively shows that plaintiff was guilty of contributory negligence as a matter of law. The judgment of the trial court is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, McDONOUGH and CROCKETT, JJ., concur.