**SWIFT & CO. v. SCHUSTER.**

No. 4276.

United States Court of Appeals
Tenth Circuit.

Oct. 30, 1951.

Rehearing Denied Jan. 5, 1952.

Pickett, Circuit Judge, dissented.

Le Roy Young, Ogden, Utah (Roy D. Thatcher and Paul Thatcher, Ogden, Utah, on the brief), for appellant.

M. Blaine Peterson and Lewis J. Wallace, Ogden, Utah, for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

William H. Schuster, a United States Government meat inspector, brought this action against appellant, Swift and Company, to recover damages for personal injuries as a result of alleged negligence on the company's part. The complaint alleged that the company was engaged in the business of slaughtering and meat packing in Utah; that at the time in question it negligently allowed to exist and negligently maintained on the fourth floor of the building a dangerous condition by maintaining a meat inspection platform for workers approximately twenty-two inches above a wet, slippery and greasy slaughter floor, without maintaining a step for ascending and descending from the platform; that on the occasion in question plaintiff, while engaged in his duties as a meat inspector for the United States Department of Agriculture, stepped down from the platform to the wet, greasy and slippery floor, slipped and fell and, in catching himself, twisted and wrenched his back, sustaining a severe and permanent injury, for all of which he sought damages.

The answer set up two affirmative defenses—assumption of risk and contributory negligence. A third defense, volenti non fit injuria, was injected into the case and the case was ultimately tried and submitted to the jury on all three defenses. The only evidence adduced at the trial was

the testimony of Schuster. At the conclusion of his testimony, appellant moved for a dismissal and for a directed verdict on the grounds that plaintiff had failed to prove negligence on the part of the defendant; that plaintiff was guilty of contributory negligence; that if assumption of risk cannot be invoked, recovery was precluded by the application of the maxim volenti non fit injuria. The motion was denied. The jury returned a verdict for plaintiff and judgment was entered thereon. The only question presented by this appeal is whether the court erred in denying Swift's motion for dismissal and for a directed verdict.

The uncontradicted evidence from which the answer must be sought is as follows. Schuster was employed by the Federal Government as a meat inspector and was assigned to appellant's plant at Ogden, Utah. His duties required his constant presence on the killing floor of the plant where the carcasses of the slaughtered animals were conveyed by machinery for inspection past a platform on which Schuster stood. The platform was about twenty-three inches high. There were no steps leading to the top of the platform at the time of the accident, but such steps were installed thereafter. Schuster had been on or about these premises in his line of employment on many occasions and had stepped up and down from this platform numerous times, both at the place where the accident occurred and at another corner where there were some structures he could use as a hand hold. Because of sanitary requirements, the floor of the slaughter room was kept wet and it often became slippery because of fat or other substances in the gutter or drain. Schuster wore rubber half boots with a tread on the soles resembling an automobile tire. During the course of his inspection duties, he was required to step from the platform to the floor frequently. On the occasion of the accident, Schuster had been working at the plant for approximately a month and had

completed his inspection for the day and stepped down from the platform on the East end to the floor, where he slipped and almost fell. In attempting to catch himself, he twisted his back, resulting in the injury complained of in this litigation.

The trial court under appropriate instructions not challenged on appeal submitted to the jury the question of primary negligence on appellant's part, as well as the questions of assumption of risk, contributory negligence and volenti non fit injuria as affecting Schuster's right of recovery, in event the company was found guilty of primary negligence.

■■ We think the question of primary negligence on appellant's part was properly submitted to the jury. Schuster was a business invitee on the premises and as such the company owed him the duty to keep and maintain the premises in a safe condition.[1] The very nature of the operations caused fats and oils to accumulate on the floor and washing them away into a gutter at the edge of the floor to be carried away required the floor to be kept wet. This made for slippery conditions of the floor and made slipping thereon a hazard, both in walking over the floor and in stepping to the platform twenty-three inches high and again therefrom to the floor. Under these conditions, it was appellant's duty to do what a reasonably prudent person should do to make ascending the platform from the floor and stepping down therefrom safe and free from danger. Certainly the construction of steps leading to the platform would minimize the danger from slipping in ascending and descending from the platform. Whether a reasonably prudent person would provide such steps and whether failure to do so constituted lack of due regard for the safety of an invitee is a question on which the minds of reasonably prudent persons might differ. It cannot be said as a matter of law that the appellant owed no duty to its invitees in this respect and the question of appel-

1. Middleton v. P. Sanford Ross, Inc., 5 Cir., 213 F. 6; Hayward v. Downing, 112 Utah 508, 189 P.2d 442; Johanson v. Cudahy Packing Co., 107 Utah 114, 152 P.2d 98; Skerl v. Willow Creek Coal Co., 92 Utah 474, 69 P.2d 502; Brown v. Salt Lake City, 33 Utah 222, 93 P. 570, 14 L.R.A.,N.S., 619.

lant's primary negligence was properly submitted to the jury.

There is no uniformity in the cases which have considered and applied the principles of assumption of risk, volenti non fit injuria and contributory negligence. No cases are cited and our search has failed to reveal any decisions by the Utah Courts drawing a clear distinction between the applicability of contributory negligence, assumption of risk or volenti non fit injuria, in the case of an invitee. We, therefore, look to the general law for the answer. Knox v. Snow, Utah, 229 P.2d 874 is cited by appellant as decisive of the question presented by this appeal. The facts of that case, however, clearly distinguish it from this one. A casual reading thereof clearly shows that the court's conclusion that the plaintiff there was guilty of contributory negligence as a matter of law is amply supported by the overwhelming weight of the evidence.

An examination of only a small number of the cases which have dealt with these three principles leads one into a maze of confusion and contradictions, from which one emerges only with a conviction that the decisions are irreconcilable. It is generally stated that the doctrine of assumption of risk applies only to master and servant relationship and arises only by contract. A great number of cases have held that the doctrine is not applicable to an invitee.[2] There are however, numerous cases wherein it has been held that an invitee may not recover for injuries because of the negligence of a defendant, because being aware of the danger, he assumed the risk

incident thereto.[3] So it has been frequently stated that assumption of risk and contributory negligence are closely allied and that the one shades into the other. In Schlemmer v. Buffalo, Rochester & P. R. Co., 205 U.S. 1, 12, 27 S.Ct. 407, 409, 51 L.Ed. 681, the Supreme Court said: "Assumption of risk in this broad sense obviously shades into negligence as commonly understood. ·Negligence consists in conduct which common experience or the special knowledge of the actor shows to be so likely to produce the result complained of, under the circumstances known to the actor, that he is held answerable for that result, although it was not certain, intended, or foreseen. He is held to assume the risk upon the same ground. * * * But the difference between the two is one of degree rather than of kind; * * *."[4]

In many cases in which courts have held that invitees were barred from recovery because they assumed the risk, they speak indiscriminately of the assumption of risk and contributory negligence[5] and allude to the contributory negligence of the plaintiff as a ground barring recovery.

"Volenti non fit injuria" is a principle measurably akin to the doctrine of the assumption of risk. It generally finds employment in non-contract relationship cases. Simply stated, it means that one who voluntarily exposes himself or his property to a known and appreciated danger, due to the negligence of another, may not recover for injuries sustained thereby. Thus stated, there is little difference in principle between it and the doctrine of

2. Mitchell v. Barton & Co., 126 Wash. 232, 217 P. 993; Cudahy Packing Co. v. McBride, 8 Cir., 92 F.2d 737; Cudahy Packing Co. v. Luyben, 8 Cir., 9 F.2d 32; McCready v. Southern Pac. Co., 9 Cir., 26 F.2d 569 and 9 Cir., 47 F.2d 673; Chicago, St. P., M. & O. Ry. Co. v. Nelson, 8 Cir., 226 F. 708.

3. Dietz v. Magill, Mo.App., 104 S.W.2d 707; Weber v. Eaton, 82 U.S.App.D.C. 66, 160 F.2d 577; Miner v. Connecticut River R. Co., 153 Mass. 398, 26 N.E. 994; Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S.W.2d 575; Funari v. Gravem-Inglis Baking Co., 40 Cal.App.2d 25, 104 P.2d 44.

4. See also 35 Am.Jur., Master and Servant, § 296; 56 C.J.S., Master and Servant, § 357 (b); Owens v. Union Pacific R. Co., 319 U.S. 715, 720, 63 S.Ct. 1271, 87 L. Ed. 1683.

5. Funari v. Gravem-Inglis Baking Co., 40 Cal.App.2d 25, 104 P.2d 44; Landrum v. Roddy, 143 Neb. 934, 12 N.W.2d 82, 149 A.L.R. 1041; Johanson v. Cudahy Packing Co., 107 Utah 114, 152 P.2d 98; Stack v. Kearnes, Utah, 221 P.2d 594; McCready v. Southern Pac. Co., 9 Cir., 26 F.2d 569 and 9 Cir., 47 F.2d 673; Weber v. Eaton, 82 U.S.App.D.C. 66, 160 F.2d 577.

assumption of risk. Likewise cases applying the principle of volenti non fit injuria speak indiscriminately of voluntary subjection to known danger and contributory negligence [6] and could have been decided on the sole ground that plaintiff was guilty of contributory negligence.

We agree in principle with those cases that limit the defense of assumption of risk to master and servant cases or contract cases. We are of the further view, from an examination of many non-contract cases, in which assumption of risk or volenti non fit injuria was successfully interposed as a defense, that inherent in the facts was the question of negligence or contributory negligence on the part of the plaintiff. We think the test to be applied in this case is laid down by the Supreme Court in Mosheuvel v. District of Columbia, 191 U.S. 247, 24 S.Ct. 57, 63, 48 L.Ed. 170. In that case the plaintiff, in descending to the street, attempted to step over an uncovered water-box in the sidewalk and was injured. There were ways available for her to walk around the water-box on either side. She was fully cognizant of the situation and had used the sidewalk on many occasions, sometimes walking around the box and sometimes stepping over it. In reversing the lower court barring recovery, on the ground that she had knowingly and wilfully assumed the risk, the Supreme Court said: "Coming to apply such principle, the question is this, Was the situation of the water box and the hazard to result from an attempt to step over it so great that the plaintiff, with the knowledge of the situation, could not, as a reasonably prudent person, have elected to step across the box, instead of stepping to the sidewalk from either side of the tread of the last step? And this, we think, was, under the undisputed proof, a question for the jury, and not for the court." See also McCready v. Southern Pac. Co., 9 Cir., 26 F. 2d 569 and 9 Cir., 47 F.2d 673.

Applying these principles to the case in hand, we conclude that the question of plaintiff's contributory negligence was properly submitted to the jury and that its verdict and the judgment entered thereon must be affirmed. There is no contention here that Schuster was actively negligent in his movements in stepping down from this platform. There were only two things he could have done—refused to ascend and descend the platform, or walk across the platform to the Southwest corner and descend there, where there were some fixtures which could have been used as a hand-hold, although not placed there for that purpose. The first he could not do. His employment required him to be on the premises and his work required him to ascend and descend from the platform many times during the day's work. The evidence is that he kept his knife and other instruments incident to his work in a locker on the floor about eight feet East of the platform. The carcasses of the slaughtered animals passed along the North and South sides of the platform. Walking to the Southwest corner to descend there would have incurred additional time and delay in obtaining and replacing needed instruments and inspecting the meat as it passed by. Whether, notwithstanding all these handicaps, he should none the less have crossed to the Southwest corner of the platform every time it was necessary to step down or ascend the platform, to say the least, is a question upon which minds of reasonable men might differ and one for the jury and not for the court as a matter of law.

Affirmed.

PICKETT, Circuit Judge (dissenting).

The facts in this case are not in dispute. The plaintiff was in the employ of the United States as a meat inspector assigned to defendant's packing plant at Ogden, Utah. For the purpose of performing his duties he had access to the entire plant but his principal duties confined him to what is known as the killing floor. He had been working there for a considerable length of time and his duties required him to be constantly on and off a platform

---

6. Levlon v. Dallas Ry. & Terminal Co., Tex.Civ.App., 117 S.W.2d 876; Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S.W.2d 575; Dietz v. Magill, Mo.App., 104 S.W. 2d 707.

twenty-three inches high. The floor of this room was necessarily wet and slippery [1] at all times and was a condition which was to be expected on the killing floor of any meat packing plant. The plaintiff wore boots with heavy treaded soles to prevent slipping. No claim is made that the defendant was negligent in permitting the floor to become wet and slippery. Plaintiff's complaint alleges the negligence of the defendant to be the maintenance of the platform above the slippery floor and failing to provide an intermediate step to assist his ascending to and descending from it. There is no denial that whatever dangers there were in the killing room were open, obvious and known to the plaintiff. [2]

Although the plaintiff's work required him to be on the premises of the defendant he was not in its employ nor was he working under the direction of the defendant. He was free to get on and off the platform in any manner which he saw fit. He was no more than an invitee. [3] The defendant owed him the duty to which an invitee was entitled. That duty ordinarily is that the owner or occupant of the premises will keep and maintain them in a reasonably safe condition and warn the invitee of latent defects or dangerous conditions upon the property. The basis of this liability lies in the supposed superior knowledge of the dangerous condition of the premises on the part of the owner or occupant. By the overwhelming weight of authority recovery is not permitted where the danger is as obvious and as well known to the invitee as to the owner or occupant. [4] This rule was recognized by the Utah Supreme Court in the case of Knox v. Snow,

1. The plaintiff described the floor to be "very slippery, and especially at that time of day, at quitting time. There is quite a bit of fat on the floor and a film of oil, practically like you would spray motor oil. It is just naturally slippery all over the floor, but in the gutter it is a little bit more, because the water carries particles of fat down there, and that is really the dirtiest part of the floor, is where the water is conveyed to that drain."

2. As to knowledge of this condition the plaintiff testified:

"Q. So that you had stepped on and off it hundreds of times, then before the day in question, hadn't you?—A. I wouldn't say hundreds of times up until that time.

"Q. At least a hundred?—A. We will say a hundred.

"Q. How did you get on this platform when you came to work; what was your usual method?—A. Well, I generally just took a big step on the platform. I guess it is the east end.

"Q. That is, you would step from the floor up on the platform?—A. Yes.

"Q. And then when you left the platform how would you customarily do that? —A. Step down. It is quite a step. It is almost a little jump, to get down. At that time it was. You could hardly call it a step. It was more of a jump; just a short jump.

"Q. And you knew the conditions there and you knew how far it was, in a general way?—A. Oh, yes.

"Q. You could see?—A. Yes.
\* \* \* \* \* \*

"Q. You mentioned, Mr. Schuster, the fact that the floor in this area was wet. That is customarily the case in a slaughter-house, isn't it?—A. Yes.

"Q. And it is a condition that can be expected at all times?—A. Yes.

"Q. And you knew of that condition?— A. At that time I recognized it very well. I come out of a very cleanly operated plant, at Los Angeles, and then the first thing I noticed, they didn't have enough janitor service there.
\* \* \* \* \* \*

"Q. So that you knew the way that this floor was being taken care of; you knew that?—A. Yes.
\* \* \* \* \*

"Q. So, of course, when you stepped off there you knew that that floor was wet, didn't you?—A. Yes.

"Q. And you knew that customarily it was somewhat slick?—A. It depends on how your foot hits it.

"Q. I say, you knew that?—A. It is slick at all times."

3. Cudahy Packing Co. v. McBride, 8 Cir., 92 F.2d 737; Middleton v. P. Sanford Ross, Inc., 5 Cir., 213 F. 6; Hayward v. Downing, 112 Utah 508, 189 P.2d 442.

4. Henry W. Cross Co. v. Burns, 8 Cir., 81 F.2d 856; McCready v. Southern Pac. Co., 9 Cir., 26 F.2d 569; Middleton v. P. Sanford Ross, Inc., 5 Cir., 213 F. 6; Hayward v. Downing, 112 Utah 508, 189 P.2d 442; Caron v. Grays Harbor County, 18 Wash.2d 397, 139 P.2d 626, 632, 148 A. L.R. 626; 38 Am.Jur., Negligence, Sec. 97; 65 C.J.S., Negligence, § 50.

Utah, 229 P.2d 874. There the owner or occupant of the premises operated a gasoline and automobile service station. The plaintiff came in to the station desiring to purchase an automobile tire. After some discussion with the owner, the plaintiff proceeded on through the station in to the grease room to inspect some tire interliners. It was in broad daylight. The plaintiff slipped and fell into a grease pit and was injured. Recovery was denied upon the grounds that the plaintiff, a business invitee, was guilty of contributory negligence in not taking reasonable and sufficient precaution to avoid an obviously dangerous condition.

It is of little concern whether the defense is termed assumption of risk, contributory negligence, incurred risk or volenti non fit injuria, we arrive at the same conclusion when the dangerous condition is obvious or known to the invitee. 65 C.J.S., Negligence, § 174.

Actually the effect of the majority opinion is that the defendant did not furnish the plaintiff a reasonably safe place to work which is the duty it owed to its own employees. Under Utah law an employee is deemed to have assumed the risk of all known and obvious dangers which he encounters in his employ.[5] Thus if the plaintiff is to be classified as an employee of the defendant it would be necessary and logical that we apply the law of assumption of risk as though he were an employee. I think, however, that regardless of whether the duty required was that due to an employee or an invitee the plaintiff should not recover. If the duty owing was that due an employee he is barred in Utah by the assumption of risk doctrine. If he is an invitee he cannot recover because the admitted facts are that the dangerous conditions were obvious and known to him.

I would reverse the judgment.

5. Miller v. Western Pac. R. Co., 73 Utah 442, 274 P. 945; Laub v. San Pedro, L.A. & S.L.R. Co., 47 Utah 155, 152 P. 467; Dunn v. Oregon Short Line R. Co., 28 Utah 478, 80 P. 311; Roth v. Eccles, 28 Utah 456, 79 P. 918; Higgins v. Southern Pac. Co., 26 Utah 164, 72 P. 690.