265 P.2d 396

**SCOFFIELD**

v.

**SPROUSE-REITZ CO.**

No. 8036.

Supreme Court of Utah.

Dec. 22, 1953.

Lewis J. Wallace, M. Blaine Peterson, Ogden, for appellant.

Young, Thatcher & Glasmann, Ogden for respondent.

McDONOUGH, Justice.

Appeal from a directed verdict in an action on negligence against plaintiff and for defendant. Plaintiff is a salesman for the Shupe-Williams Candy Company whose duties included calling upon and taking orders from retail stores. When he called for the first time on defendant's store in Elko, Nevada, he was directed to an office platform in the stockroom at the rear of the store to see the manager, Mr. Catlett. He walked up the stairs leading to the platform, while being greeted by Mr. Catlett, and had about five minutes conversation with Mr. Catlett. Having decided to go to his car to get his samples, he turned, reached

for a banister, which wasn't there, lost his balance and pitched over the side of the stairway. Plaintiff admitted in his testimony that there was sufficient light in the area where the accident occurred and that, had he looked, he could have seen that there was no handrail by which he could guide his descent from the platform.

We will not consider whether the absence of a railing, which is required under an Elko ordinance, or other conditions involved are conclusive of negligence on the part of defendant. Assuming that the defendant was negligent and that plaintiff was a business invitee upon the property, we must examine the question of contributory negligence, which, if found as a matter of law, will preclude plaintiff from recovery regardless of the other questions.

■ Unless all reasonable minds must conclude that plaintiff was negligent in failing to observe the conditions before attempting to descend the stairs, the question of his due care must be submitted to the jury for determination. Baker v. Decker, Utah, 212 P.2d 679.

■ Plaintiff argues that his attention was distracted by the manager's welcoming him as he came up the stairs and that this distraction caused him to fail to observe that there was no handrail as he ascended the steps. He testified that he was not talking to Mr. Catlett when he turned to descend, and hence does not explain his lack of observation at that time, other than a preoccupation with his business. Plaintiff contends that this case is similar to the recent case of Martin v. Jones, Utah, 253 P.2d 359; whereas defendant claims that the case is controlled by the rule of Knox v. Snow, Utah, 229 P.2d 874.

In the case of Martin v. Jones, supra, the major part of the opinion was devoted to the determination of the duty the possessor of property owes to a known trespasser, but a distinction was drawn in the matter of contributory negligence to the Knox case, supra. In the Martin case the plaintiff fell into a dumb waiter shaft when he stepped behind a counter in a drugstore. In the Knox case plaintiff fell into an open grease pit in a garage. Both cases adopt the general rule as stated on page 861 of 38 Am.Jur.:

"* * * As it generally is expressed a plaintiff will not be held to have been guilty of contributory negligence if it appears that he had no knowledge or means of knowledge of the danger, and conversely, he will be deemed to have been guilty if it is shown that he knew or reasonably should have known of the peril and might have avoided it by the exercise of ordinary care * * *."

The distinction between the two cases, then, is that in the Martin case plaintiff had no reason to know of the hidden peril

**220**

of an open shaft behind a counter, where the light was not good; whereas, in the Knox case plaintiff by his knowledge of garages and the fact that such a grease pit was common to garages was found to be guilty of contributory negligence as a matter of law in failing to observe where he was going.

The present case presents an even more obvious situation for contributory negligence than in the Knox case, for it does not require that we attribute to plaintiff knowledge of the particular type of place. He had ample opportunity to observe and, as a reasonably prudent man, should have looked to locate the handrail before he attempted to put his weight on it. The light was sufficient, he knew that he was on a platform, and although he may have been preoccupied with trying to make a sale, he must be held to take the simple precaution of a quick glance to assure himself of safety as would a reasonably prudent man. Likewise the store manager would have no reason to suspect that plaintiff had not observed the lack of a handrail on his way up the stairs and would not feel it necessary to warn him as he started down the stairs of a condition which was obvious to all.

The judgment of the trial court is affirmed. Costs to respondent.

WOLFE, C. J., and CROCKETT, HENRIOD, and WADE, JJ., concur.