Elmer S. NELSON and Mabel R.
Nelson, Appellants,

v.

Thomas BRAMES and Marilyn C.
Brames, Appellees.

No. 5417.

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1957.

Albert E. Nelson, Rock Springs, Wyo.,
and A. G. McClintock, Cheyenne, Wyo.,
for appellants.

A. Joseph Williams, Cheyenne, Wyo.,
for appellees.

Before BRATTON, Chief Judge, and
HUXMAN and PICKETT, Circuit Judges.

BRATTON, Chief Judge.

Elmer S. Nelson and Mabel R. Nelson,
husband and wife, instituted this action
against Thomas Brames and Marilyn C.
Brames, husband and wife, to recover
damages arising out of an automobile
collision which occurred on a highway in
Wyoming. The grounds of negligence
pleaded in the complaint were driving
the automobile of defendants at an ex-
cessive rate of speed; driving the auto-
mobile upon the icy, slippery, and
hazardous highway without chains;
failing to keep the automobile under
control; and driving the automobile in
such manner that it went out of control
and crossed the center of the highway
into the lane of approaching traffic. By
answer, the defendants denied negligence
and pleaded that the collision was an
unavoidable accident. The jury returned
a verdict for defendants; judgment was
entered upon the verdict; and plaintiffs
appealed.

The judgment is challenged
upon the ground that the court erred in
admitting in evidence the testimony of
an expert witness that in the circum-
stances shown in the evidence the use
of chains at the time and place of the

accident was not advisable. The witness was a consulting engineer and professor of mechanical engineering at the University of Nebraska. He was present and heard the evidence as it was adduced. He heard evidence concerning weather and road conditions; evidence tending to show that there was snow on the highway at the place of the accident; evidence tending to show that the highway was icy, slick, and hazardous; evidence tending to show that a sheet of ice covered the entire highway; evidence tending to show that the ice was smooth and slick; evidence tending to show that there were ruts in the ice; evidence tending to show that there were no ruts; evidence tending to show that there was some slush; evidence tending to show that the automobile of defendant suddenly skidded across the center of the highway into the lane of approaching traffic; and evidence tending to show that the collision occurred while the automobile was on the wrong side of the highway. After hearing such evidence, the expert witness testified respecting the effect of chains while driving an automobile on snow and while driving it on ice. He was then permitted to testify over objection that in his opinion the use of chains in the circumstances shown in the case was not advisable. It is the general rule that expert testimony is appropriate when the subject of inquiry is one which jurors of normal experience and qualifications as laymen would not be able to decide on a solid basis without the technical assistance of one having unusual knowledge of the subject by reason of skill, experience, or education in the particular field; that the admission or rejection of expert testimony rests largely in the sound judicial discretion of the trial court; and that when exercised within normal limits, such discretion will not be disturbed on appeal. Francis v. Southern Pacific Co., 10 Cir., 162 F.2d 813, affirmed, 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798; E. L. Farmer & Co. v. Hooks, 10 Cir., 239 F.2d 547. But the testimony that the use of chains was not advisable went beyond the range of that general rule. The effect of the testimony was to express the opinion that under all of the circumstances shown in the case an ordinarily careful and prudent operator of an automobile would have driven his car without chains. The effect of it was to express the opinion that under all of the circumstances shown, the operation of the automobile of defendants without chains did not constitute negligence. It was an expression of opinion upon a pivotal issue of fact for the jury. It amounted to a usurpation of the function of the jury. And its admission constituted error. Gordon v. Robinson, 3 Cir., 210 F.2d 192; Pointer v. Klamath Falls Land & Transportation Co., 59 Or. 438, 117 P. 605; Lehman v. Knott, 100 Or. 59, 196 P. 476; Lee Moor Contracting Co. v. Blanton, 49 Ariz. 130, 65 P.2d 35; Buehman v. Smelker, 50 Ariz. 18, 68 P.2d 946; Weng v. Schleiger, 130 Colo. 90, 273 P.2d 356; Wawryszyn v. Illinois Central Railroad Co., 10 Ill.App.2d 394, 135 N.E.2d 154; Cone v. Davis, 66 Ga. App. 229, 17 S.E.2d 849.

■ The judgment is challenged upon the further ground that a requested instruction was improvidently refused. In its general instructions, the court charged the jury in conventional language that the burden rested upon plaintiffs to establish their case by a preponderance of the evidence. The crux of the requested instruction was that the presence of the automobile of defendants on the wrong side of the highway at the time of the collision was in itself prima facie evidence of negligence which called for an explanation justifying such violation of the law of the road. As we understand the law of Wyoming, there is no actionable negligence where without fault on the part of the driver an automobile skids across the center line of the highway to the left side thereof and collides with another motor vehicle, but that the burden rests upon such driver to show that he was there without any act of commission or omission which constituted fault on his part. Wallis

v. Nauman, 61 Wyo. 231, 157 P.2d 285. We think the requested instruction was a correct statement of a principle of law clearly applicable to the case and that it should have been given. Olson v. Rose, 21 Wash.2d 464, 151 P.2d 454; Bergstrom v. Ove, 39 Wash.2d 78, 234 P.2d 548; Murphy v. Kumler, 344 Ill.App. 287, 100 N.E.2d 660.

The judgment is reversed and the cause is remanded.