**Charles W. PADGETT, Appellant,**

v.

**BUXTON–SMITH MERCANTILE COM-
PANY and Floyd R. Ehrmann,
Appellees.**

**No. 5917.**

United States Court of Appeals
Tenth Circuit.

Nov. 20, 1958.

Eugene E. Klecan and William J. Bing-
ham, Albuquerque, N. M., for appellant.

James C. Ritchie and Ray H. Rodey,
Albuquerque, N. M., for appellees.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

MURRAH, Circuit Judge.

In this suit for damages arising out of a highway accident in New Mexico involving the plaintiff-appellant's automobile and the defendant-appellees' truck, the trial court permitted a highway patrolman to testify as an expert for the defendant that from his observance of skid marks on the highway at the point of collision and the vehicles involved, it was his opinion that defendant's truck was on its side of the road and the plaintiff's car was across the center line. The suit went against the plaintiff-appellant on a jury verdict, and on appeal the appellant complains of the admission of the highway patrolman's expert opinion, first, on the grounds of his qualifications, and second, that the testimony was incompetent and prejudicially inadmissible.

The essential facts are that on the night of the accident, a Mr. Kurlfink was driving his car in a northerly direction on U. S. Highway 85 toward Albuquerque, New Mexico. He brought his car to a complete stop on the edge of the pavement at the entrance to a narrow bridge to await the passage of the appellees' truck, approaching the other end of the bridge traveling south. About the time the truck passed, the Kurlfink car was struck from the rear by the plaintiff's car traveling in the same direction. Immediately before or after this collision, the left rear fender of plaintiff's car collided with the rear portion of the truck's left front fender. The truck continued south to the top of a hill and stopped. The two cars proceeded across the bridge, turned around and stopped their cars immediately behind the truck. It was dark and raining hard, and the highway patrolman arrived about an hour later. Accompanied by the patrolman, the parties went back down the hill to the scene of the accident, then returned to the patrolman's car, where the parties made a statement to the patrolman, from which he made up his report.

At the trial of the case about a year later, the patrolman testified that by the use of a flashlight, while it was raining, he observed a skid mark approximately fifty feet long approaching the point of impact; that the skid mark started at the yellow line on the truck side of the road, and extended across the center line at an angle, ending up on the yellow line in the appellant's lane. The witness was then asked, "from the physical evidence that you found there at the scene of the accident, including the skid marks, the damaged portions of the vehicles, the chrome on the highway, did you then arrive at a determination as to which vehicle had left this skid mark?" The appellant objected on the grounds "that he is not qualified to state an opinion of that kind, having arrived at the scene of the accident approximately one hour afterwards, and the fact that it was raining, and there has been no attempt to qualify this man as a skid mark expert * * *." The objection was sustained, the court admonishing that "he can state the facts that he observed there at the time."

After the witness was cross-examined to establish that the skid mark could have preceded or succeeded the accident, the appellee on re-direct inquired, "as a result of your investigation then, of the vehicles, the damaged portions of the vehicles, and what you had been told by the parties about the accident, did you make a determination as to which vehicle had left that skid mark?", to which appellant interposed, "same objection, your Honor. He is not qualified to give an opinion on this matter." The court overruled the objection and the witness then testified his investigation showed that the appellant's car left the incriminating skid mark.

Thus, the net effect of the court's ruling was to permit a highway patrolman to testify as an expert that in his opinion, the skid mark he found on the highway, near the scene of the accident an hour thereafter at night in the rain and after the vehicles had been moved, was left by the appellant's car.

The highway patrolman was unable to determine whether the appellant's car collided with the appellees' truck before or after it struck the rear end of the Kurlfink car. He was permitted to testify, however, over appellant's objection, that from his observance of the damaged portions of the cars and the marks on the highway, it was his opinion that at the time of the accident, the truck was in its traffic lane and the appellant's car was at a slight angle when they collided.

At the outset, the appellees challenge the sufficiency of the appellant's objection to raise the question of the competency of the expert testimony. They say the objections went only to the qualification of the patrolman as an expert, not to the competency of his testimony, and the point is therefore not available on appeal. But we think the objections were sufficiently definite and specific to challenge the competency of the proffered expert testimony concerning the relative position of the automobiles on the highway at the time of the collision. See Johnston v. Reily, 82 U.S. App.D.C. 6, 160 F.2d 249.

Nor do we doubt the qualification of the patrolman to testify as an expert concerning the significance of skid marks and other similar indicia at the scene of an automobile collision. His qualification based upon practical experience went to the weight of his testimony. We consider only the competency of the testimony he gave under the attendant circumstances.

In that respect we fully subscribe to Wigmore's theory that all non-expert opinion and impression evidence is competent if it is necessary or appropriate to reproduce the witness' knowledge of the pertinent facts, Wigmore on Evidence, 3rd Ed., § 1917 et seq.; Bunton v. Hull, 51 N.M. 5, 177 P.2d 168; and that all expert testimony is admissible if it reasonably tends to aid the trier in the resolution of the decisive issue, and is not a mere guess or conjecture. Wigmore, supra, § 1917 et seq.; Gilbert v. Gulf Oil Corp., 4 Cir., 175 F.2d 705; see also Comment, 5 Okla.Law Rev. 336–344.

Thus, we have said, in accordance with the modern trend, if the matter in dispute and to be decided involves causes and effects which are not within the knowledge or comprehension of the lay trier, expert testimony is admissible as an aid to the decisional process. And, it is not rendered inadmissible simply because it invades the province of the trier of the critical issue. Bratt v. Western Airlines, 10 Cir., 155 F.2d 850, 166 A.L.R. 1061; Nelson v. Brames, 10 Cir., 241 F.2d 256; Grayson v. Williams, 10 Cir., 256 F.2d 61; Brigham Young University v. Lillywhite, 10 Cir., 118 F.2d 836, 137 A.L.R. 598; Millers National Ins. Co. v. Wichita Flour Mills Co., 10 Cir., 257 F. 2d 93. It is only when the so-called expert testimony involves causes and effects readily within the knowledge or comprehension of the fact triers that we have ruled it out as an usurpation of the judicial function. Nelson v. Brames, supra; Grayson v. Williams, supra.

The rule has been applied in many instances to expert testimony of highway patrolmen who purport to give an opinion concerning the position and identity of vehicles at the point of collision on a highway. See Annotation 23 A.L.R.2d 112; 38 A.L.R.2d 13. These cases have fairly well molded the general rule that testimony as to tire marks on a highway is admissible in civil actions where sufficient foundation therefor is laid by showing "that the condition of the road was the same as it was at the time of the accident and had not been changed by weather or travel, and there is sufficient identification that the marks were made by the automobile involved in the accident." Annotation 23 A.L.R.2d 112, 116. Proper foundation having been laid, testimony is not inadmissible simply because the witness did not see the accident. But in most all the cases where skid marks have been held competent evidence to show the location of the vehicle with respect to the center line of the road, the skid marks are directly traceable to the unmoved car. These circumstances, however, do not call for expert testimony. Any layman is able to trace

a skid mark to the point of the standing vehicle. No identity of the vehicle is involved. All that is required is a mere tracing of the marks to show the course the vehicle took while making the marks.

So it is with us. No peculiar skill or knowledge was required to trace the skid marks or to infer therefrom that the car laying them down was at one point slightly on the wrong side of the road, and that a vehicle colliding with it at that point was in its own traffic lane. The identification of these incriminating marks may very well involve scientific skill and knowledge which lie in the realm of expertise. But the expressed opinion of the patrolman here was not based upon any scientific experimentation or knowledge. Instead, it rested upon the simple facts of a collision between the appellees' truck and appellant's car; skid marks at or near that point, indicating that a vehicle crossed the center line; debris at that point, and damage marks on the car's left rear fender and the truck's left front fender. If this fact situation is sufficient to justify the conclusion that appellant's car left the skid marks, such conclusion is quite as much within the competence of a lay juror as a highway patrolman. The permissible inference does not require any more, if as much, professional skill or knowledge, as the advisability of tire chains under the attendant circumstances in Nelson v. Brames, supra; or the excluded conclusion of the highway patrolman concerning "the assumed pathway of the vehicles subsequent to the accident" in Grayson v. Williams, supra [256 F.2d 63].

 The expressed opinion of the highway patrolman did not serve to enlighten the jury in respect to a matter outside its competence and should not have been admitted. While we are loath to interfere with the broad discretion of the trial courts in matters of this kind, the opinion came from an officer of the law whose badge of authority gave it evidential significance which may not be dismissed as harmless or nonprejudicial. As an official opinion of a fact matter within the knowledge or comprehension of the members of a jury it carries a weight which tends to usurp the judicial function. It is indicative, we think, of what appears to be a constantly growing tendency in cases of this kind for an investigating officer to assume the prerogative of assessing liability. This is the responsibility of the trier of the facts.

The judgment is reversed with directions to grant a new trial.