Lawrence ASKIN, Appellant,

v.

John DALGARNO, doing business as Dalgarno Transportation Company, Appellee.

No. 6652.

United States Court of Appeals
Tenth Circuit.

July 21, 1961.

Roland V. Colgrove, Miles City, Mont. (Gene Huntley, Baker, Mont., on the brief), for appellant.

Bard Ferrall, Cheyenne, Wyo. (Ferrall, Bloomfield, Osborn & Lynch, Cheyenne, Wyo., on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This diversity action was brought by plaintiff-appellant to recover for personal injuries received in a Wyoming oil field accident. The jury returned a verdict for the defendant-appellee. The points relied on for reversal are the admission of certain evidence and the giving of an instruction on the assumption of risk.

At the time of the accident plaintiff was employed by Dellson Drilling Com-

pany as a roughneck. Dellson had completed a well and was moving the drilling equipment to a new location. Defendant, who was in the business of moving heavy oil field equipment, supplied trucks and personnel to Dellson. Plaintiff was acting as the swamper or helper for a truck driver employed by defendant. This truck driver and plaintiff were engaged in the moving of a water tank weighing about 20,000 pounds and having dimensions of 33 feet in length, 9 feet in height and 8 feet in width. The tank was moved by lifting one end of it with a hook attached to a winch cable running over the tail roll of the truck. The rear of the tank was on skids welded to the tank. The two skids paralleled one another and were joined with a crossbar at the ends which protruded beyond the tank.

As a swamper, plaintiff had the duties of hooking the winch line to the tank and of directing the operation of the truck by hand signals. In the performance of those duties plaintiff connected the winch line from the truck to the front of the tank, gave the truck driver the signal to hoist the front end of the tank and then the signal to drag the tank forward. Except for plaintiff no one witnessed what next occurred. Plaintiff testified that he saw some rubble under the skid bars, signalled the truck driver to stop, and after the forward movement had stopped, he stood on the crossbar of the skids with his left foot and tried to remove the rubble by kicking it with his right foot. He said further that while he was doing this, the truck moved forward without any signal from him and his right toe caught under the skids. His right leg was pulled under the crossbar and so injured that amputation was

necessary. The truck driver testified that after plaintiff gave him the go-ahead signal following the hoisting of the front end of the tank he received no stop signal until other workmen, aroused by plaintiff's screams, caused him to stop the truck.

The trial became a battle of experts as to the customs and practices in the oil fields relating to operations such as those under way when the accident occurred and particularly to the mutual duties and responsibilities of a truck driver and his swamper. The propriety of the use of experts to establish fault in negligence cases [1] is not in issue here as each side produced this type of evidence without objection. The asserted error in the admission of testimony goes only to questions propounded by the defense to its expert witness Rush as to the oil field practice of men riding skids in activities such as those involved here.

The question of oil field practices and customs in the moving of heavy equipment by a truck driver and swamper was opened up by testimony which the plaintiff gave as an expert and was followed by the two other experts of the plaintiff. One of them, Rankin, was asked on cross-examination and without objection as to whether he had seen men "ride the skids" in the oil fields and he replied: "Not to my knowledge." Later defense expert Rush was asked on direct examination if he had seen men "ride the skids" and he said that he had. It is this testimony which is claimed to be improper and prejudicial.[2]

■ Counsel for plaintiff argue that the testimony should not have been received because it was an effort to establish the negligence of plaintiff by show-

1. See generally Campbell v. Clark, 10 Cir., 283 F.2d 766, 770; Ordner v. Reimold, 10 Cir., 278 F.2d 532, 535; and Padgett v. Buxton-Smith Mercantile Co., 10 Cir., 262 F.2d 39, 42.

2. The particular testimony is as follows:
"Q. Now, Mr. Rush, have you seen men ride the skids in the oilfield? A. Yes, I have.

"Mr. Colgrove: That is objected to.
"Mr. Mankus: Your Honor, I want to object to that. There is no evidence in the record of anything like that.
"The Court: He can ask him if he has ever seen anyone.
"Mr. Ferrall: That is all I have asked. A. I have done it myself, yes.
"Q. (By Mr. Ferrall) It is rather a common practice, is it? A. Uh-huh. Very foolish, but it is common."

ing the negligence of others. The rule rejecting such evidence has no application here. There were no eye witnesses to the accident. The testimony of the plaintiff and of the truck driver was in conflict as to whether the truck stopped and then started up suddenly. The plaintiff sought to establish negligence of the truck driver by showing oil field custom and practice. This opened up the whole subject of the practices involving a truck driver and his swamper. The testimony to which complaint is now made was pertinent to that subject. The effect of testimony of this type bears upon the degree of care which would be exercised by an ordinary, prudent person in like circumstances,[3] and the jury was so instructed. Having opened up the field of truck driver-swamper custom and practice, plaintiff may not now complain of testimony pertinent to such activities.

■ Objection is made to the instruction on assumption of risk. We deem it unnecessary to comment upon the fine lines of distinction between assumption of risk and contributory negligence or the technical limitations imposed by some courts on the assertion of the defense of assumption of risk.[4] We are bound by Wyoming law on the point, and the Wyoming Supreme Court has refused to adopt "any one of the distinctions announced by other courts."[5] It is enough that the instructions fairly and properly covered the law of negligence, contributory negligence, and assumption of risk.

■ Plaintiff's counsel urge that the instruction is erroneous because the only evidence to support it is the evidence elicited by defendant from his own expert on the custom of skid riding. As stated above, we hold that this evidence was pertinent and proper for the limited purpose for which it was offered and received. The important fact is that plaintiff admits that he was standing on the crossbar of the skids with one foot and kicking with the other. The query is whether the truck was moving at the time and the testimony of plaintiff and the truck driver is in conflict. If the truck was moving, plaintiff was riding the skids and the jury was entitled to consider that fact in connection with the defenses of contributory negligence and assumption of risk. The conflict was resolved by the jury and its verdict must stand.

Affirmed.

3. Brigham Young University v. Lillywhite, 10 Cir., 118 F.2d 836, 840, certiorari denied 314 U.S. 638, 62 S.Ct. 73, 86 L.Ed. 512.

4. See Swift & Co. v. Schuster, 10 Cir., 192 F.2d 615, 617–618. Cf. Tyler v. Dowell, Inc., 10 Cir., 274 F.2d 890, and E. L. Farmer & Company v. Hooks, 10 Cir., 239 F.2d 547, certiorari denied 353 U.S. 911, 77 S.Ct. 699, 1 L.Ed.2d 665 (both involving New Mexico oil field accidents), and Sinclair Prairie Oil Co. v. Thornley, 10 Cir., 127 F.2d 128 (involving a Texas oil field accident).

5. Rocky Mountain Trucking Co. v. Taylor, 79 Wyo. 461, 335 P.2d 448, 451.