CASE 26—PETITION ORDINARY—FEBRUARY 17.

## Anderson & Nelson Distilleries Co. v. Hair.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. UNITED STATES REVENUE OFFICERS—DISTILLERIES—TRESPASS.— A United States revenue officer, who is assigned to duty at a distillery, and who is required to inspect all parts thereof daily, and to see that all Federal regulations are complied with, is there at the implied invitation of the owners thereof, and not as a mere licensee.

2. DUTY OF OWNER.—It was the duty of the owners of the distillery to keep the stairway, which they knew appellee must use in the daily discharge of his duties, in a reasonably safe condition, and they were liable for a failure to do so.

3. CONTRIBUTORY NEGLIGENCE.—In an action for personal injury the question as to plaintiff's contributory negligence is one for the jury.

4. DUTY OF OWNERS—INSTRUCTIONS.—In such an action an instruction that it was the duty of the defendant "to keep and maintain said premises in safe and suitable order and condition —— with safe and proper passways, properly lighted," requires too high a degree of care; it should be modified by saying "reasonably safe way," etc., and "reasonably safe and proper passways," etc.

5. INSTRUCTIONS—REVERSIBLE ERROR.—An instruction to the jury that they "are the judges as to the credibility of witnesses, and

Anderson & Nelson Distilleries Co. v. Hair.

as to the weight to be given to the testimony of each witness, and when weighing the evidence they may decide as they may deem it preponderates," is improper because it may suggest to the jury that the court is impressed with a suspicion that there has been foul swearing; but it is not ground for reversal, unless the circumstances of the case are such that it appears probably prejudicial.

HUMPHREY & DAVIE FOR APPELLANT.

1. The petition does not set out a cause of action; and therefore the motion made in the court below for a "judgment notwithstanding the verdict," should have been sustained; and this court should reverse the case, and direct the lower court to enter a judgment for defendant notwithstanding the verdict. The reason the petition does not set out a cause of action is, because it does not state facts showing an invitation from defendant to the plaintiff to come on the premises, but only shows that the plaintiff came on the premises as a "licensee by law," and, therefore, at his own risk. Kentucky Code, sec. 388; Lindsay v. Rutherford, 17 B, Mon., 245; Lakat v. Lutz, 94 Ky., 287; Cooley on Torts, 2d ed., pp. 356, 367, 720; Beeler v. Daniels, 49 Am. St. Rep., 790 (18 Rd. Id., 563); Woodruff v. Bowen, 136 Ind., 431; Gibson v. Leonard, 36 Am. St. Rep., 376 (143 Ill., 182); Ray on Negligence of Imposed Duties, p. 24; Beddell v. Burky, 76 Mich., 435 (15 Am. St. Rep., 370); Galveston Oil Co. v. Morton, 8 Am. St. Rep., 611 (70 Texas, 400); Evansville Co. v. Griffin, 50 Am. St. Rep., 784 (100 Ind., 221); Benson v. Baltimore Traction Co., 39 Am. Rep., 436 (77 Md., 535); Schmidt v. Bauer, 80 California, 565; Sisk v. Crump, 112 Ind., 506.

2. The allegations in the petition as to what was the "duty" of the plaintiff in going on the premises, and as to what was the "duty" of the defendant in keeping the premises safe, are mere "allegations of legal conclusions," and do not set out any traversible facts. Peake v. Buell, 48 Am. St. Rep., 946 (90 Wis., 508).

3. The peremptory instruction to find for the defendant, should have been given; because the evidence showed that the plaintiff went into this dangerous fermenting cellar without invitation from the defendant, but as a mere licensee by law, and at his own risk. (See cases cited under point No. 1, above.)

4. The peremptory instruction to find for the defendant should

have been given, because the evidence of the plaintiff himself, and of the whole case, confessed, without dispute, that the plaintiff was guilty of contributory negligence; in going into the dark cellar; without inquiring as to whether it was in safe condition; without asking for a guide; without takng a light, and without stopping long enough for his eyes to adjust themselves to the darkness. Lakat v. Lutz, 94 Ky., 287 (15 Ky. Law Rep., 75); Parker v. Portland Pub. Co., 31 Am. Rep., 262 (69 Me., 173); Beddell v. Burky, 15 Am. St. Rep., 370 (76 Mich., 435); Pearce v. Whitcomb, 48 Vermont, 127 (21 Am. Rep., 120); Benson v. Baltimore Co., 39 Am. St. Rep., 436 (77 Md., 535); Oil Co. v. Morton, 8 Am. St. Rep., 611 (70 Texas, 400); Louisville & Portland Canal Co. v. Murphy, 9 Bush, 533.

5. The court erred in allowing testimony in behalf of plaintiff as to the condition of the cellar as to light and danger when visited by other persons at other periods of the day and on other days than that when the plaintiff was injured. Parker v. Portland Pub. Co., 31 Am. Rep., 263 (69 Me., 173).

6. The court erred in giving instruction No. 1 by which it peremptorily told the jury, as a matter of law, that the defendant had invited the plaintiff on the premises—a fact that was not only not conceded or proven but was entirely disproven, and which, at the worst, was a question for the jury and not for the court. (Letter Carrier Case, 156 Mass., 429.)

7. Instruction No. 2 was erroneous because the court told the jury as a matter of law, that there was danger; while it refused to tell the jury as a matter of law that the plaintiff was guilty of negligence in going into the danger or the dark without inquiry or without a light. Lakat v. Lutz, 94 Ky., 287.

8. Instruction No. 4 was erroneous in telling the jury that they were the judges as to the credibility of witnesses and the weight to be given the testimony of each witness, and to decide as they deemed the evidence preponderated—an instruction often condemned by this court. Smith v. Commonwealth, 9 Ky. Law Rep., 1005; Barnard v. Commonwealth, 10 Ky. Law Rep., 145; Trans-Atlantic Co. v. Bamberger, 11 Ky. Law Rep., 101; Morris v. Morton, 14 Ky. Law Rep., 360.

9. The court erred in instructing the jury that the defendant was under duty to the plaintiff to keep its entire premises in safe order for plaintiff, and safely lighted; instead of telling the jury

Anderson & Nelson Distilleries Co. v. Hair.

that the defendant was under no duty except to avoid willful negligence to such a mere licensee by law; or, at the most, telling the jury that the defendant was not under an obligation to keep the premises safe, but only to exercise reasonable care in the endeavor to keep them safe, for plaintiff.

10. Instruction No. 5 was erroneous in leaving to the jury to find punitive damages; when there was no pretense of reckless, willful or malicious conduct on the part of defendant. McHenry Coal Co. v. Snedden, 98 Ky., 684; Milwaukee v. Arms, 91 U. S., 489.

11. The court erred in giving the eleventh instruction, which only required the plaintiff to exercise care for his own safety in the event that he had knowledge or information of the danger of the hole in the floor, leaving the jury to believe that he was not to exercise any care for his own safety, unless he had been warned or had information that there was a dangerous hole in the floor. Beddell v. Burky, 15 Am. St. Rep., 370; Ray on Negligence, p. 24; Lakat v. Lutz, 94 Ky., 287.

A. E. WILLSON FOR APPELLEE.

1. The case at bar is distinguished from that class of cases in which policemen or firemen, unexpectedly enter unfamiliar premises without invitation and are injured, and are held to be there at their peril, and where there is no obligation on the owner to keep his premises in a safe condition for them.

2. If the owner, knowing, or having reason to know, that human beings will pass a place, and negligently and recklessly leaves a pitfall open, into which one falls, he is guilty of negligence and liable for injury. Popp v. L. & N., 96 Ky., 99; Howser v. Cumberland R. R. Co., 27 L. R. A., 154; Byrne v. Boadle, 2 Hurl. & C., 722; Scott v. London Dock Co., 3 Hurl. & C.,596; Kearney v. London &c., Co., L. R., 5 Q. B., 411; Briggs v. Oliver, 4 Hurl. & C., 403; Cummins v. National Furnace Co., 60 Wis., 603; Mullins v. St. Johns, 57 N. Y., 567 (15 Am. Rep., 530); Barnowski v. Helson, 15 L. R. A., 33; Bransom v. Labrot, 81 Ky., 638; Addison on Torts, 511; 1 Head, 610; L. & N. R. R. Co. v. Wolfe, 80 Ky., 28; City of Covington v. Bryant, 7 Bush, 249; Hewitt v. L. & N. R. R., 26 L., C. S. C., 235; Cooley on Torts, 719; City of Lexington v. Anger, 4 Ky. Law Rep., 235; Matheny v. Wolfe, 2 Duval, 137; Learoyd v. Godfrey, 138 Mass., 315; Freer v. Cameron, 4 Rich., S. C., 228;

·Parker's Case, 59 Me., 176; Tierney v. Standard Oil Co., 92 Ky., 367.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In December, 1892, the appellee, Hair, was a United States store keeper, and assigned to duty at the distillery of appellant, in the Fifth internal revenue district of Kentucky. On the evening of the first day of his work at appellant's distillery, while in the performance of his duties as store keeper, in going over and inspecting the various parts of the distilling apparatus, he was in the second story of the building, in what is called the mash room, and came down the stairway to the first floor to inspect the fermenting tubs; he got to the first floor, and at the foot of the stairway appellee fell into a hole, where tubs had been removed, into the cellar, a distance of some ten feet, and suffered injury for which this action was brought in the Jefferson Circuit Court. The petition is framed on the idea of negligence of appellant in so constructing and maintaining their distillery that at the foot of this stairway and within three feet of it, there is a hole through which a person might fall. That is, when the fermenting tub which belongs there is removed, as on the occasion when appellee was injured. These fermenting tubs rest on timber on the cellar floor and project through the first floor. The light on this first floor room is furnished by one window some thirty feet away. That the room is dimly lighted, and that while appellee was in the exercise of his duty as an officer of the Government, he was without fault on his part injured.

The answer admits the injury at the time and place, and under the circumstances alleged in the petition. It denies

any duty to appellee to keep the premises safe for him and denies any negligence at all in any manner, specifically denying each and every charge of negligence made. 'Also pleads contributory negligence of appellee and denied any damage or liability therefor.

The case was tried before a jury and resulted in a verdict for appellee for $1,500.

After appellant's reasons and motion for new trial had been overruled, its prosecutes this appeal.

It appears that at the conclusion of the testimony of appellee, by which it was shown he was a United States revenue store keeper on duty at appellant's distillery, and in the performance of his official duties he was compelled to go from the mash room down a stairway to the fermenting room to examine the tubs; that this was his duty daily, and in so doing, when he reached the foot of the stairs, the second step, he fell through a hole in the floor, and fell through to the cellar, sustaining the injuries; that the fermenting room at that hour, four p. m., in December, was almost dark, no light save from window some distance away. The appellant asked a peremptory instruction on the theory that appellee being an officer, was a mere licensee, and that appellant owed him no duty, and that therefore, there could be no negligence.

Counsel for appellant strongly urge this proposition in their brief to this court. This question is vital to the case, for if appellant owed appellee no duty, then he can not recover.

We are referred by counsel to cases which hold that a sheriff, policeman or fireman in the discharge of his duty

is a mere licensee and that the owner of the property owes
to such officers no duty to maintain his premises in safe con-
dition.

In our opinion, this does not come within that class of
cases.  Here, by the laws of the Federal government, appel-
lant's distillery could not run without the presence of a store
keeper, such as appellee was.  By the law and rules of the
internal revenue department, this store keeper is required
to daily inspect all parts of the distillery, and it therefore
follows that appellee must be held to be present at the dis-
tillery at the implied invitation of appellant, and not as a
mere licensee.  True, he is there to see that the regulations
are complied with and that all taxes due the Government
are accounted for, but he is necessarily there at the in-
stance and for the benefit of the distiller.  Without his
presence the distillery could not run.

It must therefore be held that appellee was at appellant's
distillery at the implied invitation of appellant, and not a
mere licensee.

By the rules of the revenue department, it is provided,
"the fermenting tubs must be so placed as to be easily ac-
cessible to any revenue officer."  The store keeper is re-
quired to keep "a complete record of the fermenting tubs
filled and emptied,"  .  .  .  "to record the hour and minute
when the fermenting period of each fermenting tub, as adopt-
ed by the distiller, begins, and to measure the dry inches and
calculate the quantity in each tub, and to note the tempera-
ture and gravity of the beer therein when filled, and to note
temperature and gravity at twelve, noon, on each day there-
after, and enter the same in his book.  He must also record

the hour and minute when each fermenting tub is emptied, the dry inches, quantity in each tub and the temperature and gravity of the beer at that time, and if the tub is emptied before the end of the fermenting period he must see that it is not again filled during that period. . . . The entries of the dry inches and quantities of mash in each tub on his books must be made by him from actual measurement."

Thus is it clear that the store keeper, in the discharge of his duties, must visit the fermenting room one or more times every day. This duty must have been known to appellant, we are of opinion that knowing that appellee must go down that stair daily, it was the duty of appellant to keep the same in reasonably safe condition, and any failure to do so would render appellant liable for injury resulting therefrom.

For these reasons, we are of opinion that the court did not err in refusing the peremptory instruction at the close of appellee's evidence, nor at the close of the whole evidence, the question of contributory negligence of appellee being one for the jury under proper instructions.

The court gave to the jury instruction 1, as follows: "The court instructs the jury that the pleadings and proof warrant the following findings, to-wit. . . . that plaintiff, while on duty there, was required by the nature of his duties to go from place to place and from floor to floor in and about said premises, and that it was the duty of the said defendant, as the owner of said distillery, carrying on and conducting the same, to keep and maintain said premises in safe and suitable order and condition for such purposes of such movements of plaintiff in passing from place to place in said

premises with safe and proper passways properly lighted," etc.

We are of opinion that this instruction goes too far in requiring appellant to keep and maintain said premises in safe and suitable order, etc. It should have been modified by saying "reasonably safe order," etc., and also by saying "reasonably safe and proper passways," etc. The jury might conclude from the instruction as given that appellant must so maintain its premises that a person could not be hurt at all, an absolute insurer and the instruction ought to be modified as indicated.

The court also gave to the jury instruction No. 4, as follows: "The jury are the judges as to the credibility of witnesses and as to the weight to be given to the testimony of each witness and in weighing the evidence, they may decide as they deem it preponderates."

This instruction in effect, was condemned by this court in the case of Trans-Atlantic Ins. Co. v. Bamberger, Bloom & Co., 11 Ky. Law Rep., 101. The court in this case saying, "It can do no good for the court to remind them (the jury) that these are their prerogatives. For the court to do so may induce them to believe when there is a conflict of testimony, that the court is impressed with a suspicion that there has been foul swearing somewhere, which they will be apt to fasten upon the witnesses that stand in intimate relations to the plaintiff or defendant, or who are not as numerous as those on the other side. Therefore, we have held that it is not proper to give such instruction in any case, except that part that told the jury they should find in accordance with the weight of the evidence. At the same time

we have held that the error was not sufficient to reverse the case, unless there were peculiar circumstances, as in the Barnett case from Union county, showing that the error was probably prejudicial to the substantial rights of the appellant."

It was also condemned in the cases of Smith v. Comlth, 9 Ky. Law Rep., 1005, and Barnard v. Comlth., 10 Ky. Law Rep., 145.

We are of opinion that the instruction was erroneous and should not have been given, as the circumstances of this case are such as it appears probable that the instruction was prejudicial. The instruction given on the subject of contributory negligence was, we think, proper.

There was no error in admitting testimony as to the condition of the cellar as to light and danger when visited by others at other times of the day, as it was admitted by both parties that at the time of the injury the room was dark, and we can not see how this testimony could affect the case to appellant's prejudice.

For the reasons indicated the judgment is reversed and cause remanded with directions to grant a new trial, and for further proceedings consistent herewith.