ESTELLE LAW, RESPONDENT, v. FRANK MORRIS,
APPELLANT.

Submitted February 12, 1926—Decided May 17, 1926.

1. M. conducted a store for the sale of dry goods, &c.  L, a dress-
   maker, entered the premises to purchase materials for dresses.
   As L. was examining the materials submitted for inspection by
   M., a piece of plaster fell without warning from the ceiling
   and struck L. upon the head, injuring her.  In an action to
   recover damages, L. submitted proof of the occurrence and the
   damages sustained, and rested.  A motion to nonsuit was made
   and denied—*Held*, that the motion was properly denied, as the
   doctrine of *res ipsa loquitur* applied.
2. M. claimed that he had by the testimony offered in his behalf
   fully met any inference of negligence from the occurrence, and
   his counsel moved for the direction of a verdict in M.'s favor—
   *Held*, that the ruling of the trial judge that the question of the
   defendant's negligence was upon the evidence submitted a ques-
   tion for the determination of the jury was proper.

On appeal from the Camden County Circuit Court.

For the appellant, *James Mercer Davis.*

For the respondent, *Carr & Carroll* (*Walter R. Carroll*, of
counsel).

The opinion of the court was delivered by

KATZENBACH, J.  This is an appeal by the defendant below
from a judgment of the Camden County Circuit Court en-
tered upon the verdict of a jury.  The judgment represented
the damages obtained by the plaintiff for injuries received
as the result, as claimed by the plaintiff, of the defendant's
negligence.  The defendant owned a store in the borough of
Audubon, in the county of Camden.  He conducted in the
store the business of selling dry goods and notions.  The
plaintiff was a dressmaker.  On May 25th, 1923, she desired
to purchase some materials for dresses.  She went to the de-

fendant's store. The defendant waited upon her. While standing by the counter examining the materials submitted by the defendant for her inspection a piece of plaster fell without warning from the ceiling and struck the plaintiff upon the head. The plaintiff testified as to this happening as follows: "The plaster fell down on top of my head; I was stunned; I went to the floor; I remember somebody picking me up and I remember sitting on a chair." A physician was summoned. The plaintiff was taken to the hospital, and later to her home.

The defendant's version as to what had occurred did not differ materially from the plaintiff's testimony. The plaintiff's case was rested upon proof of the occurrence of the accident and of the damages sustained by the plaintiff. Counsel for the defendant then moved for a nonsuit upon the ground that no evidence of negligence had been shown. This motion was denied, as was also a motion at the conclusion of the defendant's case to direct a verdict for the defendant. The trial judge, in declining to grant the motions, said that, in his opinion, the doctrine of *res ipsa loquitur* applied. Exceptions to the court's rulings were duly taken. The appellant now contends that it was incumbent upon the plaintiff to prove more than the mere occurrence of the accident. The insistence is that the plaintiff was obliged to prove that the ceiling was defective by either proving that on other occasions portions of it had fallen, or that cracks were visible therein, or some condition of the ceiling existed which should have given to the appellant notice, either actual or constructive, that the ceiling was unsafe.

The appellant relies upon the law as pronounced in the oft-cited case of *Schnatterer* v. *Bamberger & Co.,* 81 *N. J. L.* 558, where a customer in the defendant's store caught her heel on a brass nosing on a step in a stairway, tripped and fell downstairs, and it was held that, to sustain such an action, it must be shown that the storekeeper had notice of the defective condition of the nosing, or that it had existed for so long a time as to charge the proprietor with notice thereof. We have reached in our consideration of this case

the conclusion that the facts of the present case warrant the
view entertained and held by the learned judge who tried
the case. It is a case, in our opinion, in which the doctrine
of *res ipsa loquitur* applies. This maxim has been frequently
defined in the courts of this state. It was well expressed by
the late Judge Green in the case in this court of *Mumma* v.
*Easton and Amboy Railroad Co.*, 73 *Id.* 653, in the follow-
ing language: "This principle is that, when through any
instrumentality or agency under the management or control
of a defendant or his servants, there is an occurrence inju-
rious to the plaintiff, which, in the ordinary course of
things, would not take place if the person in control were
exercising due care, the occurrence itself, in the absence of
explanation by the defendant, affords *prima facie* evidence
that there was want of due care."

In the instant case the store premises into which the plain-
tiff was invited were under the control and management of
the defendant. The fall of a sizable piece of plaster upon
the head of a customer is not an occurrence which takes
place in the ordinary course of things. It is an extraordi-
nary happening, and one which would not take place, it
seems to us, if the proprietor had exercised due care. It is
certainly an occurrence, in the absence of any explanation,
which affords *prima facie* evidence of the want of due care.
A few illustrations taken from our reports of the applica-
tion of this maxim will, perhaps, be helpful in showing the
application of the maxim to the facts of the present case.
In *Excelsior Electric Co.* v. *Sweet*, 57 *N. J. L.* 224, an elec-
tric street lamp fell and struck a horse upon the public high-
way, frightening it, causing it to run away, and throw the
plaintiff from his wagon. In *Sheridan* v. *Foley*, 58 *Id.* 230,
the plaintiff was struck by a brick while passing a building
under construction. In *Mumma* v. *Easton and Amboy Rail-
road Co.*, *supra*, the plaintiff was injured by his horse be-
coming frightened by the blowing of a whistle upon a loco-
motive which was standing beneath a bridge upon which the
plaintiff was driving. In *Higgins* v. *Goerke-Krich Co.*, 91
*Id.* 464, the plaintiff was injured by the falling of a lid of

an ice box which she was examining. In *Mannon* v. *Vesper Lodge, I. O. O. F.*, 97 *Id.* 215, the plaintiff was injured by the explosion of a gas machine used to furnish light for a building in which the plaintiff was. In all of these cases the maxim of *res ipsa loquitur* was applied. There are other cases in our reports to which reference might be made, but those referred to will suffice to show how uniformly the invoking of the maxim has been sustained by our courts when the occurrence has been one which, in the ordinary course of things, would not have happened. The fall of a portion of a ceiling is an unusual occurrence. It is a happening from which the negligent conduct of the occupier of the premises is a reasonable inference. It calls for an explanation from the one who has control of the building. Such an occurrence is very different from the fall of a customer in a department store, who is not watching her step. Such falls are almost a daily occurrence in any of the large department stores.

The appellant further contends that the testimony offered by the defendant met fully any inference of negligence from proof of the occurrence, and that a verdict should have been directed for the defendant. We think there is no merit in this contention. The testimony offered by the defendant tended more to inculpate than exculpate the defendant of the charge of negligence. The building where the occurrence happened was an old building. It had been remodeled in the year 1921. Some of the ceiling had been at that time replastered. It had not all been replastered. While there was evidence that the ceiling, upon completion of the repairs in the month of December, 1921, was a good ceiling, yet this was over a year prior to the accident. There was no evidence that it had been examined between December, 1921, and May 25th, 1923, the date the plaster fell. The building was located only one hundred feet from a railroad over which many heavy express trains traveled to and from Atlantic City. The testimony showed that the vibration from the passing of these trains shook the building to such an extent as to shake articles from the shelves and to prevent the mainte-

nance of a stand in the show window. These vibrations were noticeable in the rear of the store. We consider the refusal of the trial judge to direct a verdict under all the circumstance of the case a proper ruling. The question of the defendant's negligence was one for the determination of a jury, under the testimony presented.

The judgment of the Camden County Circuit Court is affirmed.

*For affirmance*—TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.