THOMAS McCORMACK, PLAINTIFF, v. ARTHUR C. WINDSOR, DEFENDANT.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *R. Robinson Chance* and *William E. Sandmeyer.*

*Contra, John W. Palmer.*

PER CURIAM.

The plaintiff, who, according to his testimony, was a building and street inspector of the township of Lyndhurst, was injured while inspecting the erection of a public library for the township, which was being constructed by the defendant, Windsor, under a contract with the municipality. The plaintiff was standing on the floor of the building when a ladder which had been placed upon the second floor, and which was leaning against one of the beams intended to support the roof, fell over and struck him, inflicting the injuries for which he has sued. The fall of the ladder apparently was the result of a gust of wind which blew into the building, which was still open to the weather. The trial resulted in a verdict in the plaintiff's favor, the jury awarding him $25,000 and the validity of that verdict is now attacked by the defendant under the present rule.

The first contention is that the verdict is excessive. Although the award is large, we cannot say, in view of the character of the plaintiff's injuries and of their permanency, that it is so clearly excessive as to justify this court in setting it aside.

It is next contended that the trial judge erroneously excluded certain questions asked by counsel for the defendant of the plaintiff's medical experts on cross-examination. Our examination of the testimony leads us to the conclusion that the court properly excluded them. Some of the questions referred to were directed at matters which were entirely immaterial, and the others did not come within the scope of a legal cross-examination.

It is further contended that the court erred in admitting certain evidence claimed to be illegal. That evidence related to the practice of builders in the handling of ladders used in the work of construction and before the building was completely enclosed. We see no objection to the admission of this testimony. It merely indicated what the custom of builders was in the installing of ladders, under the conditions existing in this case, in such a way as not to be a threat to the safety of people at work in the building or present therein. We consider that this testimony was material and competent.

Next, it is argued that the court erred in denying the motion for the direction of a verdict in favor of the defendant. This motion was based upon the theory that the plaintiff was not legally appointed as a building inspector, and, therefore, was upon the premises as a mere licensee. We think there is nothing in this contention. Whether or not the municipal authorities exceeded their powers in appointing the plaintiff as such inspector is a matter that is not involved in the present litigation, for he was at least an inspector *de facto,* if not *de jure,* and was lawfully upon the premises as the representative of the municipality.

It is further argued that the court erred in refusing to charge certain requests submitted by the defendant, all of which were based upon the theory that the plaintiff was present in the building as a mere licensee. What has already been stated disposes of this contention.

Lastly, it is argued that the verdict is against the weight of the evidence. Our consideration of the testimony leads us to the opposite conclusion.

The rule to show cause will be discharged, with costs.