**Paul L. MASSEY, Appellant,**

v.

**F. H. McGRAW & COMPANY,**
**Appellee.**

**No. 12670.**

United States Court of Appeals
Sixth Circuit.

May 22, 1956.

Chas. A. Williams, Paducah, Ky. (E. W. Rivers, Paducah, Ky., Wheeler & Marshall, Paducah, Ky., on the brief), for appellant.

Henry O. Whitlow, Paducah, Ky. (T. S. Waller, T. W. Threlkeld, Paducah, Ky., on the brief), for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant brought this action to recover for personal injuries sustained by him when a rung of a ladder broke while being used by him to descend into a thirteen-foot ditch, causing the injuries complained of.

Appellee, F. H. McGraw & Company, was by contract with the U. S. Government the prime contractor for constructing the Atomic Energy Plant near Paducah, Kentucky. The contract provided that the work "shall be executed or installed to the satisfaction and with the approval of the Contracting Officer" and also: "The Commission shall have the right to inspect the work and activities of the contractor under this contract at such times and in such manner as it shall deem appropriate." The architectural firm of Giffels and Vallet had a separate contract to act as supervising architects and inspecting agents of the Government.

Appellant introduced evidence that he was an employee of Giffels and Vallet and at the time of the accident was inspecting welds made by the appellee in order that a recirculating water line at the bottom of the ditch could be covered with dirt. For the purpose of descending into the ditch he used a ladder constructed by appellee's carpenters some 60 days previous from scrap lumber, which was at the scene of the accident. Giffels and Vallet did not furnish any ladders in order to make the inspections. Appellant customarily used ladders which were furnished by appellee and used by its workmen at the places where inspections were being made. The ladder in question had been materially damaged and repaired a few weeks before the accident. Its rungs were nailed on rather than bolted.

At the close of all the evidence, the District Judge directed a verdict for the appellee, relying largely upon Brauner v. Leutz, 293 Ky. 406, 169 S.W.2d 4. Appellant contends that the case should be controlled by the rule announced by the Kentucky Court of Appeals in Anderson & Nelson Distilleries Co. v. Hair, 103 Ky. 196, 44 S.W. 658.

We are of the opinion that under the facts of this case, similar to the situ-

ation in Anderson & Nelson Distilleries Co. v. Hair, supra, the appellant was an invitee of the appellee, rather than a mere licensee. The presence of the appellant was not wholly disconnected from any benefit or service to the appellee, as was the case in Brauner v. Leutz, supra, but was for the mutual benefit of both parties. Pickwick v. McCauliff, 193 Mass. 70, 78 N.E. 730; Fred Howland, Inc., v. Morris, 143 Fla. 189, 196 So. 472, 128 A.L.R. 1013; McCormack v. Windsor, 154 A. 765, 9 N.J.Misc. 543; Mitchell v. Barton & Co., 126 Wash. 232, 217 P. 993; Dashields v. W. B. Moses & Sons, 35 App.D.C. 583, 31 L.R.A.,N.S., 380. Accordingly, the appellee owed to the appellant a duty to use ordinary care to have the premises and appliances in a reasonably safe condition for use in a manner consistent with the purpose of the invitation.

■■ Considering the evidence in its most favorable light for the appellant, we are of the opinion that it was sufficient to take the case to the jury on the issue of negligence. Louisville Lighting Co. v. Owens, 105 S.W. 435, 32 Ky.Law Rep. 283; Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974; Baltimore & O. R. Co. v. O'Neill, 6 Cir., 211 F.2d 190, 194–195, reversed 348 U.S. 956, 75 S.Ct. 447, 99 L.Ed. 747. The case is essentially different from the cases where an invitee in a business store falls by reason of a foreign substance upon the floor, in which cases knowledge on the part of the owner is a necessary element of liability. There is no intervening act of a third person in the present case. Law v. Morris, 102 N.J.L. 650, 133 A. 427, 46 A.L.R. 1108; Schueler v. Good Friend N. C. Corp., 231 N.C. 416, 57 S. E.2d 324, 21 A.L.R.2d 417; Annotation: 21 A.L.R.2d 425. Compare: Leonard v. Enterprise Realty Co., 187 Ky. 578, 581– 582, 219 S.W. 1066, 10 A.L.R. 238.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.