Gibson, J.,
dissenting. The problem here is to balance the historic common-law interest of the possessor of land in the exclusiveness of his possession against the interests of a person, such as plaintiff here, in a whole body and personality. Thus far, our civilization being based on private ownership, it has been considered a socially desirable policy to allow the possessor of land to use his land in his own way in the absence of an express or implied license of or an invitation to the person coming on the premises for the actual or potential economic benefit of the occupier.
The judicial approach to the problem of balancing interests of the occupier against the interests of a person coming on the premises was formulated during the course of the nineteenth century and still provides the point of departure for modern reasoning. The legal formula generally divides persons entering upon land of another into three classes, viz., trespasser, licensee or invitee (also called business guest), and accordingly graduates the duties owed by the occupier of the land. 2 Harper and James, The Law of Torts (1956), 1430, Section 27.1. Cf. Scheibel v. Lipton (1951), 156 Ohio St., 308, re duty owed by occupier to social guest.
As to invitees or business guests, one theory is that the affirmative duty to make the premises safe is imposed upon the occupier as the price he must pay for the economic benefit he derives, or expects to derive, from the presence of the visitor. *176 See the majority opinion in this case and 2 Restatement of the Law, Torts, Section 332; Bohlen, Studies in the Law of Torts (1926), 33; Prosser, Law of Torts (2 Ed. 1955), 454; 2 Harper and James, supra, 1431, Section 27.1. The second theory is that the basis of liability is a representation to be implied, when the occupier encourages others to enter the premises, that reasonable care has been exercised to make the place safe for those who enter. Invitation is not enough without circumstances which convey the implied assurance of safety. See 65 Corpus Juris Secundum, 508, Negligence, Section 43 (1); Prosser, Business Visitors and Invitees, 26 Minnesota Law Review (1942), 573. The course of judicial decisions has been toward broadening the class of invitees or business guests. 2 Harper and James, supra, 1478, Section 27.12.
Persons who enter premises in the exercise of a legal privilege or in the performance of a public duty, i. e., public officers or employees, do not fit neatly into any of the above classifications. Obviously they are not trespassers. Their privilege is independent of any permission or license of the occupier. In fact, they would enter upon the premises even if the occupier made active objection. To contend that there is any economic benefit arising out of an implied contract in these cases would be unrealistic. For example, the functions of the building inspector, revenue agent, and health inspector are thrust upon the occupier as the price of building or doing business. Yet they have been held to be entitled to the protection afforded invitees. See, e. g., Fred Howland, Inc., v. Morris (1940), 143 Fla., 189, 196 So., 472 (building inspector); Anderson & Nelson Distilleries Co. v. Hair (1898), 103 Ky., 196, 44 S. W., 658 (United States revenue officer); Jennings v. Indtistrial Paper Stock Co. (Mo. App., 1952), 248 S. W. (2d), 43 (public health inspector); Boneau v. Swift & Co. (Mo. App., 1934), 66 S. W. (2d), 172 (livestock inspector); Swift c& Co. v. Schuster (C. C. A. 10, 1951), 192 F. (2d), 615 (meat inspector).
As indicated by the opinion of the majority in this case, firemen and policemen are generally considered together and are, except in a very few jurisdictions, held to be “mere” licensees. In my opinion, it is absurd to treat firemen and policemen as licensees when the courts have treated sanitary inspectors, safety *177 inspectors, garbage collectors, city water-meter readers, United States postmen, tax collectors, and customs collectors as business guests. See Prosser, Law of Torts (2d), 461, and cases cited there. A fireman who comes on the premises to extinguish a fire or a policeman who enters to prevent a theft clearly confers as much benefit on the occupier of the premises as the foregoing classes of persons who are held to be invitees.
Surely the fact that firemen and policemen are covered by workmen’s compensation can not justify excusing the occupier of land from liability for injuries sustained by such officials who enter the premises, for the same can be said of other federal, state and municipal employees, most delivery men, meter readers for public utilities, and the other persons in the many occupations where they are treated as invitees. It also should be noted that the fact that a workman is covered by workmen’s compensation has not prevented him from maintaining an action to recover damages for his injuries inflicted by a third-party tort-feasor. George v. City of Youngstown (1942), 139 Ohio St., 591. Without question if the plaintiff in the instant case was injured by no fault of his own but through the negligent operation of a motor vehicle by one of these trustees, the plaintiff would be allowed compensation for his injuries notwithstanding the fact that he also would be entitled to receive workmen’s compensation.
The trial court, after hearing the evidence, made nine findings of fact, including the facts that there was a hard surfaced driveway leading from the street, past the side door, and along the westerly side of the church, and that, although there was a 100-watt light over the side door which was ordinarily lit at night, it was not lit on the night of plaintiff’s injury. The court concluded that defendants violated their affirmative duties to warn or make the premises safe for the plaintiff who was found to have been more than a mere licensee and to have been lawfully upon the premises, and that he was not guilty of contributory negligence. The findings of fact and conclusions of law of the trial court were affirmed in toto by the Court of Appeals. It is obvious from the majority opinion of this court that but for the plaintiff’s status as a policeman his recovery against the defendants would be affirmed.
*178 In my opinion the majority of the Supreme Court of Illinois in Dini v. Naiditch (I960), 20 Ill. (2d), 406, 416, 170 N. E. (2d), 881, was correct in stating that, “since the common-law rule labelling firemen [and policemen] as licensees is but an illogical anachronism, originating in a vastly different social order, and pock-marked by judicial refinements, it should not be perpetrated in the name of ‘stare decisis,’ ” and that “ ‘stare decisis’ ought not to be the excuse for decision where reason is lacking. ” As the majority of the court in the instant case notes, there are no previous decisions of this court forming a precedent which obligates the court in any way under the doctrine of stare decisis.
Believing it entirely reasonable to require defendants to have exercised reasonable care in the maintenance of their property so as to have avoided injuring the plaintiff, policeman, who was rightfully on the premises, investigating a call that the defendants’ property was being burglarized, in a place where he might reasonably have been expected, I would affirm the judgment of the Court of Appeals.