**R. E. GADDIE, INC., et al., Appellants,**

**v.**

**Kenneth EVANS et al., Appellees.**

Court of Appeals of Kentucky.

June 11, 1965.

Rehearing Denied Oct. 22, 1965.

Joe B. Orr, Jerry L. Moore, Bell, Orr & Reynolds, Bowling Green, Joseph E. Stopher, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

Terry L. Hatchett, Glasgow, Paul Carter, J. C. Jernigan, Tompkinsville, Carroll M. Redford, Carroll M. Redford, Jr., Redford & Redford, Glasgow, Maxey B. Harlin, William J. Parker, Coleman, Harlin & Orendorf, Bowling Green, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment holding appellants Bishop Ford and his employer, R. E. Gaddie, Inc., jointly liable with appellees Donald Crone and John Hickerson to appellee Kenneth Evans for $55,000 and to appellee Clarence Page for $45,000 as compensation for medical expenses and permanent impairment of ability to earn money due to injuries received by them on August 25, 1960. The sufficiency of the evidence to support the amounts of these awards is not in dispute.

Appellee Stephens-Jeffrey, a partnership, (hereinafter referred to as S–J) contracted with the Commonwealth of Kentucky to reconstruct a portion of Fourth Street in Tompkinsville. Appellant R. E. Gaddie, Inc., (hereinafter referred to as Gaddie) contracted with S–J to perform the actual paving operation. Appellee Trico Stone, Inc., (hereinafter referred to as Trico) contracted with Gaddie to furnish the stone necessary for paving. Appellee Donald Crone contracted with Trico to haul its stone to Fourth Street. With this pyramid of contracts in effect we turn to the events which brought about this litigation.

During the afternoon of August 25, 1960, paving operations were being conducted on Fourth Street under the direction of Bishop Ford, general superintendent for Gaddie. In accordance with its contract with S–J, the Commonwealth had two of its employees, Kenneth Evans and J. R. Stewart, at the jobsite for the purpose of inspecting

the material being laid on the surface of the street by Gaddie. As they prepared to make a compaction test in the center lane of the three lanes into which Fourth Street was divided for paving purposes, Evans and Stewart knelt down at the test site. They were joined by Clarence Page who was employed in a nearby store. Concurrently John Hickerson, a driver for Crone, backed a truck loaded with stone aggregate toward the three men but in the curb lane. A short distance before he would have come abreast of these men he brought his truck to a stop, turned into the center lane and continued backing the truck until it struck Evans and Page. Both men sustained severe bodily injuries.

Evans and Page each instituted an action against S–J, Gaddie, Ford, Trico, Crone and Hickerson. The cases were consolidated and upon trial the court directed a verdict for S–J and Trico. A verdict was returned against the other four defendants. Only Gaddie and Ford appeal and all other parties have been made appellees.

Appellants urge that the trial court erred in submitting the case under instructions which in effect required the jury to find for or against Gaddie, Ford, Crone and Hickerson. Appellants offered an instruction similar to that set out in 2 Stanley Instructions to Juries, Section 603, page 318. We need consider the propriety of the instructions only as they relate to Gaddie and Ford since Crone and Hickerson did not appeal.

■ Although a separate instruction was submitted on the possible negligence of Gaddie, Ford and Hickerson, in each instance the jury was given no discretion to find less than the four defendants liable. Appellees contend the instructions were proper since Gaddie and Ford were jointly and severally liable with Crone and Hickerson for the latter's negligence under the loaned servant doctrine inasmuch as they had supervision and control of Crone's drivers at the site of the paving. This contention is without mer-

it since we hold as a matter of law that Hickerson was not a loaned servant. Fisher Equipment Co. v. West, Ky., 365 S.W. 2d 319.

■ The instructions could be justified if one of Gaddie's employees had been concurrently negligent with Hickerson in directing or permitting him to drive in the center lane. However, the evidence for Gaddie was that Hickerson was directed to stop his truck as it was being backed in the curb lane but Gaddie's employees all deny that they directed Hickerson to start up again in a different lane. Since Hickerson testified that he was directed by an employee of Gaddie to back his truck into the center lane the jury should have been permitted to determine the question of appellants' negligence separate and apart from that of Hickerson and Crone. This error was prejudicial to the appellants since the jury could have conceivably found the injuries of Evans and Page were due solely to the negligence of Hickerson and Crone.

■ The trial court permitted each plaintiff and each set of defendants having alleged antagonistic interests to have three peremptory jury challenges. KRS 29.290. As to the defendants this was correct as they had antagonistic interests because of their cross-claims (Roberts v. Taylor, Ky., 339 S.W.2d 653), but in the absence of any antagonism shown between the trial positions of Evans and Page it was error to let them have three challenges apiece. Wells v. Conley, Ky., 384 S.W.2d 496. In the event of a new trial the error should not reoccur.

■ Appellants contend they cannot be held liable for Page's injuries because he was guilty of negligence as a matter of law. Hence, they argue that they were entitled to a directed verdict against him. It will be remembered that Page was employed as a clerk in a store on Fourth Street. It was shown that Page, on returning from delivering a soft drink to a workman, had squatted down beside Evans to watch him make

the compaction test. He knew that heavy equipment was. in use and that trucks arrived on a frequent schelule and backed down the street. Since the street was not closed to traffic and there were no flagmen about, Page, as a reasonable man, may have been entitled to consider this location safe in view of the fact that Evans and Stewart were properly performing their duties there. We conclude the trial court did not err in refusing to direct a verdict in favor of appellants and against Page. The submission of the question of Page's negligence to the jury was proper.

◼ Appellants contend the trial court erred in directing a verdict in favor of S–J, the prime contractor, since it had a nondelegable duty to use ordinary care to protect persons properly on the construction site from injury. The determinative question is "What duty to Evans and Page did S–J breach causing their injury?" As has been shown they were injured when Hickerson backed into them and there is some evidence that Ford was responsible for signalling him to drive where he did. These are the only possible acts of active negligence neither of which is a breach of duty on the part of S–J as in Massey v. F. H. McGraw & Co., 6 Cir., 233 F.2d 905, cited by appellants. There was no evidence to show that S–J could have anticipated the type of accident which occurred so as to place a duty on it to guard against such an accident as in authorities relied upon by appellants. Nor do they suggest what S–J might have reasonably done to have prevented the accident.

◼ Appellants insist they were entitled to a directed verdict because the only possible negligence of Ford was in failure to provide a safe place for the state inspectors to work and this was a non-delegable duty of S–J. We have already determined S–J breached no duty. More importantly appellants ignore the evidence showing they were in charge of the jobsite and were re-

sponsible for signalling Hickerson to drive in the center lane. They were not entitled to a directed verdict.

◼ The contract between the Commonwealth and S–J contained the following provision:

"Sub-contractors shall be recognized only in the capacity of employees or workmen and shall be subject to the same requirements as to character and competence."

Appellants argue that Evans, as an employee of the Commonwealth, was a third party beneficiary of this contract and under the doctrine of respondeat superior he could hold S–J responsible for any negligent acts of Gaddie and Ford. However, the language of this provision shows merely an attempt to prevent the prime contractor's blaming inferior work on the incompetence of men hired by sub-contractors over whom he had no control. It does not indicate an intention to abrogate the distinction between employee and independent contractor. Here Gaddie furnished its own equipment, hired and fired the men to do the repaving and determined when they would work. The common law rules of tort liability remained in effect and the trial court properly directed a verdict for S–J. See McLellan v. Brown, 275 Ky. 30, 120 S.W.2d 742.

◼ Appellant next contends Evans, who was working under provisions of the Workmen's Compensation Act, KRS, Chapter 342, may not recover for tort against Gaddie and Ford, who were also operating under the Act, since neither one is "some other person" as that phrase is used in KRS 342.055 thereby making compensation provided by the Act his exclusive remedy. They rely on certain language in McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1068. The rule there expressed has been aften applied where a workman is injured by a fellow-employee and we believe it was intended to be so limited. Here, although

Evans was employed by the Commonwealth to insure compliance with the contract, his work was not such an integral part of the repaving operation as to make him a fellow-employee of appellants. Dulaney v. Sebastian's Adm'r, 239 Ky. 577, 39 S.W.2d 1000.

The final question we shall determine is whether the trial court erred in directing a verdict in favor of Trico. The evidence with respect to Trico shows that it not only had no agent or employee at the jobsite but that its status, as well as Crone's, was that of an independent contractor. Courier Journal & Louisville Times Co. v. Akers, 295 Ky. 745, 175 S.W. 2d 350. We find no error in this ruling.

In view of these conclusions we find it unnecessary to decide other questions raised and consequently they are specifically reserved.

The judgment against appellants is reversed with directions to set it aside and to grant them a new trial.