NEW AMSTERDAM CASUALTY COMPA-NY and Sams, Mills and Garland Con-struction Company, Inc., Appellants,

v.

The ALLEN COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

Oct. 31, 1969.

D. G. Lynn, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellant.

Beverly White, White, McCann & Stewart, Winchester, for appellee.

CULLEN, Commissioner.

This appeal is from a summary judgment under CR 56 entered in favor of appellee, The Allen Company, Inc., in the amount of $17,584.46 against appellants, Sams, Mills and Garland Construction Company and New Amsterdam Casualty Company, for the balance due Allen for work and labor performed under a contractual agreement.

The appellant, Sams, Mills and Garland Construction Company, as general contractor undertook to surface a portion of the Richmond-Lancaster road in Madison County. This contract was let by the Department of Highways of the Commonwealth of Kentucky. The appellant, general contractor, contracted with the appellee, The Allen Company, to perform five

items included in appellant's contract with the department. Thereafter, the general contractor was determined to be in default and the surety on the general contractor's performance bond, New Amsterdam Casualty Company, took over the job to complete it. The surety and the subcontractor agreed to be bound by and perform all of the terms of the contract theretofore existing between the general contractor and the subcontractor. Pursuant to this agreement, the subcontractor completed the work specified in the subcontract. The subcontractor did not receive the final payment due by the terms of the contract and filed this action to recover an alleged balance due in the amount of $17,584.46.

The complaint alleged the facts recited and included as an exhibit the contract upon which the subcontractor relied. Numerical paragraph No. 2 of this contract clearly provided the means and time of payment of amounts due the subcontractor as follows:

"First party (general contractor) shall pay second party (subcontractor) each month, *within two days after first party has received payment from the Department of Highways,* for the quantities of work performed by second party and allowed by the Department in its estimate for the preceding calendar month; PROVIDED HOWEVER, that first party may retain Ten (10%) Percent of the sums due second party *until first party has received payment of the final estimate from the Department of Highways,* whereupon first party shall promptly pay to second party all sums due, according to the quantities of work allowed on the final estimate, after taking credit for the sums previously paid on the monthly estimates. If the Department of Highways shall release and pay a portion of the retainage to first party prior to *payment of the final estimate,* then first party shall promptly release and pay over the same percentage of retainage to second party." (Parenthetical insertions and emphasis added.)

Appellants filed answer to the subcontractor's complaint admitting substantially all allegations of the complaint except those allegations which asserted that the subcontractor was entitled to the amount sued for. The subcontractor then filed a motion for summary judgment accompanied by two affidavits. The affidavit of G. C. Fluty, Secretary-Treasurer of the subcontractor, alleged that all of the required work had been completed, and that the total amount earned under the contract by the subcontractor amounted to $86,326.83, of which the general contractor's surety had paid a total of $68,742.37, leaving a balance due of $17,584.46, which balance had been demanded but was unpaid. The other affidavit consisted of the statements of A. W. Clements, an engineer with the Division of Construction of the Department of Highways. This affidavit stated that the final estimate on the project had been compiled but had not been submitted to the general contractor or its surety due to an outstanding item of liquidated damages in the amount of $38,850.00; the affidavit further noted that a disagreement existed between the Department of Highways and the surety concerning this damage claim which was unsettled. Neither the general contractor nor its surety filed any controverting evidentiary material on the motion for summary judgment.

The trial court held that no genuine issue as to any material fact existed and that the subcontractor was entitled to judgment as a matter of law.

█ In order to be entitled to summary judgment, the moving party must establish the coexistence of two conditions; first, that beyond a doubt there is no issue existing as to any material fact; and second, that on the undisputed facts the moving

**280** ■ 

party is entitled to judgment as a matter of law.

■ In the instant case, the subcontractor based his cause of action on breach of contract. That contract provided that the general contractor whose duties were assumed by its surety would pay the subcontractor not when the final estimate was *issued* by the Department of Highways, but when the Department of Highways *paid* the general contractor or its surety pursuant to the final estimate. The claim of the subcontractor ·as set forth in its pleading measured the subcontractor's right to receive payment by those instances when the general contractor received payment. Therefore, in order to be entitled to summary judgment, it was incumbent upon the subcontractor under the present pleadings to show that the general contractor or its surety had received *payment* from the Department of Highways of the final estimate. The evidentiary material accompanying the motion for summary judgment showed directly to the contrary. It may well be that the nonpayment by the Department of Highways is due solely to the fault of the general contractor or its surety and is for a cause not chargeable to the subcontractor, but that is not the claim as pleaded. If such claim were pleaded, then the general contractor or its surety could join issue and the matter could be litigated. On the current record, however, we need not explore further the ramifications of summary judgment. The simple fact is that the motion demonstrated that the movant was not entitled to judgment as a matter of law on his claim as pleaded. This ended the matter. The action of the trial court in granting summary judgment was erroneous.

The judgment is reversed for further proceedings consistent herewith.

All concur.