Ted Anthony YATES, Appellant,

v.

WILSON BROS. TRUCKING COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

Sept. 24, 1971.

James E. Story, Eddyville, for appellant.

George O. Eldred, Johnstone & Eldred, Princeton, George R. Effinger, Paducah, J. Granville Clark, Russellville, for appellees.

STEINFELD, Judge.

This is the third case we have considered recently in which a road construction workman was killed or injured by a truck which was backing to unload aggregate into a spreader, an open box-like receptacle. William Cecil Ward, the first, lost his life while working on the reconstruction of U.S. Highway 60 in Daviess County. Recovery was denied because he was found contributorily negligent as a matter of law. Ward v. Owensboro River Sand and Gravel Company, Ky., 431 S.W.2d 884 (1968). Conversely, Cecil Slusher's administrator succeeded in recovering from the hauling contractor for Slusher's death which occurred during the construction of Inter-state Highway 75 in Whitley County. W. L. Harper Company, Inc. v. Slusher, Ky., 469 S.W.2d 955 (decided July 2, 1971).

A summary judgment dismissing appellant Ted Anthony Yates' suit against appellees, Wilson Bros. Trucking Company, Inc., the hauling contractor, James Edward Payne, its driver, Kapco, Inc., the prime contractor, and Middle West Roads Company, the paving contractor, has been appealed. The trial court ruled that Yates was guilty of contributory negligence as "* * * he was not paying any attention to the truck which backed into him and although directly in its path, did not look up from the notes he was making." Yates concedes that dismissal of Kapco, Inc. was proper but claims that dismissal of the others was error. We agree.

At the time he was injured Yates was 22 years of age and was employed by Hayworth and Associates, the engineers on a road-paving job on an extension of the West Kentucky Parkway in Lyon County, Kentucky. He had graduated from college and had worked for a few months in various types of construction activities. He had been engaged in the injury-connected work only three or four days when he was struck by a backing Wilson Bros. truck driven by appellee Payne. Yates' job was to take two load tickets from the drivers after they backed their trucks into the prepared roadbed and were in position to dump the rock into the spreader box. He signed one ticket for the driver and retained the other. He carried a clipboard on which he clamped the tickets so that he could keep a running total of the tonnage deposited. Also, he measured from time to time to insure that the dumped rock did not exceed a depth of six inches.

Two contiguous ten-foot lanes had been prepared by appellee, Middle West Roads, in each of which was a spreader being moved by a dozer. The trucks would turn around at a point 75 to 100 feet before they reached the spreaders and back up to them after the driver had removed the load-covering tarpaulin and after the pre-

ceding truck had deposited its load and moved away. However, backing usually would await a signal from the "dozer man", an employee of appellee, Middle West Roads Company. This routine was followed in rapid succession; however, Yates testified that the procedure was very unsettled.

Depositions disclosed that on June 4, 1968, Payne turned his truck around and removed the tarpaulin as he had done before. There were other trucks also making ready to unload. Much noise was created by the dozers and the motors and dumping of the trucks. A truck with motor running was being unloaded at the spreader in the north (left-hand) lane. The spreader in that lane was closer to the point where the trucks had turned around than the one in the other lane. Yates had gone to the left side of a truck which had reached the spreader box in the north lane and had secured the tonnage ticket. He then moved to a point in the center of the south lane where he stopped while facing southwardly and he looked downward at his clipboard to compile tonnage figures. The view from Payne's truck back to the spreader box in his lane (south, right-hand) was unobstructed when the preceding truck in that lane had moved away. The employee of Middle West, who was at the spreader in the south lane, gave a signal to Payne to move his truck to the spreader. It had backed between 20 and 80 feet when it struck and injured Yates while he remained standing in the position above described. This point was estimated to be about 60 feet in front of the spreader in that lane. Just as the truck reached Payne the man who had given the signal waved his arms and ran toward the truck. Payne realized something was wrong, therefore, he instantly stopped the truck.

Yates admitted that he had observed several trucks waiting to back up, that nothing obstructed his view and that the only reason he did not see the truck which hit him was because he did not look. After admitting that he was " * * * right in the middle of the lane * * * " he was asked and answered:

"Q. 35. And you knew the truck was going to back right in there, didn't you?

A. Yes Sir.

Q. 36. Well, why did you walk out there?

A. I had to figure up my tonnage.

Q. 37. Did you have to figure it up in the middle of the lane?

A. I don't suppose I had to."

We said in Ward v. Owensboro River Sand and Gravel Company, Ky., 431 S.W. 2d 884 (1968), that "Ward's experience should have alerted him to the dangers. * * * Ward paid no attention to the backing truck. He was not exercising that standard of ordinary care which could be expected of him. He was 'contributorily negligent as a matter of law.' "

While many of the facts in W. L. Harper Company, Inc. v. Slusher, Ky., 469 S. W.2d 955 (decided July 2, 1971), are similar or identical to those now before us, one distinguishing feature is that in Harper, Slusher had walked behind a standing truck which then started and had moved only about two feet when it struck him. It is argued that Yates, without regard for his safety, took and remained in a position of peril. Because we reverse for the reasons hereinafter explained and a trial may be had, we find it inappropriate to determine on the present record whether Yates was negligent as a matter of law.

Yates says that if he was contributorily negligent he is entitled to recover under the doctrine of last clear chance. He contends that the employee of Middle West controlled the backing of Payne's truck and that the signal was given when Yates was in a position of peril. He also argues that Payne should have discovered his dangerous position. The deposition of Yates is of little help in determining whether summary judgment was proper on this is-

sue but one given by Payne is informative. He said he knew that Yates usually was around to take the tickets and that sometimes he would trip the tailgate on his truck. The truck was equipped with two rear-view mirrors which Payne said he used constantly, from side to side, as he backed up. He conceded that there was a blind spot in the center, that he could not see all that was behind him, and that there was no flagman. Another witness deposed that the blind spot is triangular and extended only approximately 12 to 15 feet behind the truck.

It appears to us that a genuine issue of material fact exists as to whether Payne was keeping a proper lookout from the time he started and traveled "about as fast as a man walks" from 20 to 80 feet until he hit Yates. Should he have discovered Yates position of peril? Also there are material issues as to whether the employee of Middle West should have given the sig-nal when Yates was standing in the center of the south lane, or having given the signal whether he waited too long to warn Payne or should have warned Yates. A full development of the facts may show that Yates was not negligent, or if he was that the last clear chance doctrine authorizes recovery from appellees Wilson Bros., Payne or Middle West. Cassinelli v. Begley, Ky., 433 S.W.2d 651 (1968), Cf. Gaddie v. Evans, Ky., 394 S.W.2d 118 (1965). Entering summary judgment was error. New Amsterdam Casualty Co. v. Allen Co., Ky., 446 S.W.2d 278 (1969); Falender v. City of Louisville, Ky., 448 S.W.2d 367 (1969); Simpson v. Graves, Ky., 451 S.W.2d 399 (1970).

The judgment is affirmed as to appellee Kapco, Inc. and is reversed as to the other appellees for further proceedings consistent herewith.

All concur.